Becker *v.* Tell City Bank *et al.*

No. 17,615.

## BECKER *v.* TELL CITY BANK ET AL.

MORTGAGE. —*Foreclosure.* —*Junior  Mortgagee.* —*Default.* —*Right  of Redemption.* —A junior mortgagee of land, served with summons in an action to foreclose the first mortgage, who permits judgment by default to be entered because she did not understand the nature of the summons is not entitled to relief, where she allows the year of redemption to pass by after learning of the sale three months after its occurrence, without exercising the right to redeem.

SAME. — *Foreclosure.* — *Judgment  by  Default.* — *Proceeding  to  set Aside Default.* — *Essentials.* — A judgment by default will not be set aside on the ground that it was obtained through the excusable neglect of defendant, unless she further shows that she had a good defense to the action.

From the Perry Circuit Court.

*S. H. Esarey, C. L. Jewett* and *H. E. Jewett,* for appellant.

*S. B. Hatfield, J. A. Hemenway* and *F. H. Hatfield,* for appellees.

JORDAN, J.—Appellant filed her complaint in the lower court under section 396, R. S. 1881 (section 399, R. S. 1894), to be relieved from a judgment taken against her through alleged excusable neglect. The material facts, as they substantially appear from the complaint, are as follows: At and prior to the 31st day of October, 1892, the appellee the Tell City Bank was the owner and holder of a mortgage upon certain described real estate situated in Tell City, Perry county, Indiana. This mortgage was executed by one Alois Becker and wife to secure notes held by the bank. At the same date appellant was the holder and owner of a duly recorded mortgage and judgment, both of which

were liens upon said realty, but junior to that of the bank's mortgage.  On said 31st day of October appellee commenced an action in the Perry Circuit Court to foreclose its mortgage, to which action appellant was made a party defendant, by reason of her being a holder of the aforesaid liens.  She, failing to appear to said action, was defaulted.

A judgment or decree was entered foreclosing appellee's mortgage, whereby appellant's equity of redemption in and to the mortgaged premises under her said liens was decreed as barred.  The record in said foreclosure proceeding recites that the appellant was duly served with a summons, etc.  It is alleged that at the time of the commencement of that action appellant was a German woman, unable to speak, read or understand the English language; that she was fifty-five years of age, in poor health, and had no experience or knowledge of the proceedings of courts, in relation to the foreclosure of mortgages; that if she was served by a copy of the summons to appear in said cause she has no knowledge thereof; that if the summons was read to her, it was read in the English language, and she did not understand it.  It is further shown that the mortgaged realty was, on the 17th day of December, 1892, sold under the bank's foreclosure judgment at sheriff's sale, and the same was purchased by the appellee Huthsteiner as the cashier of the bank.  Appellant avers that she had no knowledge of the pendency of said action until after the sale of the land, which fact she ascertained some time in the following February.  A demurrer was sustained to the complaint for insufficiency of facts, and this action of the court is assigned as error.

Conceding, without deciding, that the allegations in the complaint sufficiently sustain appellant in this action in her failure to appear to the action in question upon

the grounds of excusable neglect, this alone, however, is not sufficient to entitle her to the relief sought by her complaint. She was also required under the rule firmly settled by repeated decisions of this court to further show by her pleading that she had a specific, pertinent and good defense thereto. *Slagle* v. *Bodmer*, 75 Ind. 330; *Lee* v. *Basey*, 85 Ind. 543; *Nichols* v. *Nichols*, 96 Ind. 433.

There is an entire absence in the complaint of any facts tending to show that appellant had any defenses to the action if she had appeared in court in response to the summons served upon her, whereby the senior lien of the bank could have been defeated in whole or in part. The only effect of the judgment rendered against the appellant upon her default (as there is nothing appearing to the contrary), was to bar her equity of redemption as a junior incumbrancer after the expiration of the statutory period. *Holmes* v. *Bybee*, 34 Ind. 262; *Coleman* v. *Witherspoon*, 76 Ind. 285. After appellant ascertained the fact that she had been made a party to the bank's action and judgment rendered against her upon default, and that the mortgaged premises had been sold by the sheriff in pursuance of the decree therein, over nine months still remained of the year allowed by the statute for her to exercise the right of redemption. This right she neglected to avail herself of, but stood by until after the expiration of the time allowed for redemption of the land from the sale on the bank's decree, and thereby permitted its title under said sale to become absolute by the sheriff's conveyance, and her junior liens upon the mortgaged realty were lost.

The court did not err in sustaining the demurrer to the complaint.

Judgment affirmed.