J. ALBERT ROBBINS, *Appellant*, vs. C. M. BLANC and BETTY BLANC, his wife, *Appellees*.

142 So. 223.

Division B.

Opinion filed June 4, 1932.

*Claibourne M. Phipps,* for Appellant;
*Booth & Dickinson,* for Appellees.

DAVIS, J.—The sole question presented on the argument of this case is whether or not the complainant must offer in his bill to repay the sum received as the actual principal of a loan, together with *legal* interest thereon, when he files a bill for redemption from a usurious mortgage given to secure a greater sum than the loan.

In this case the court below sustained a demurrer interposed by appellees, defendants in the lower court, to the bill of complaint by the appellant, complainant in the lower court.

The bill alleges in substance that appellee was holding title to properties as security for two several loans. On one of these loans it is alleged the complainant received seventy-five hundred ($7500.00) dollars and agreed in consideration thereof to pay the defendant eight thousand ($8000.00) dollars six months after date and four thousand ($4000.00) dollars twelve months after date. On the other transaction it was alleged that the complainant received forty-four hundred ($4400.00) dollars from defendant

and agreed to pay therefor the sum of fifty-five ($5500.00) dollars within two years, with interest on said sum of fifty-five hundred ($5500.00) dollars at the rate of eight per cent. per annum.

The bill prays that one mortgage be decreed to be usurious to such an extent that both principal and interest be forfeited but that the other mortgage be decreed to be usurious only to such an extent that the interest on same is forfeited. It is alleged by the bill that complainant is entitled to have one of the two lots involved, reconveyed to him upon payment of the sum of nineteen hundred ($1900.00) dollars balance due, which complainant in his bill also offers to pay, upon a reconveyance of the property by defendant to complainant.

The bill of complaint also contains the following allegation which was set forth in a separate and independent paragraph

"That the complainant hereby offers to pay any and all sums which this Honorable Court may find to be justly due and owing from him to the defendant C. M. Blanc on such terms and conditions that this Honorable Court may find to be proper and thereby offers do complete equity."

Such allegation is sufficient to withstand a general demurrer based on the ground that complainant does not come into equity with clean hands, or that complainant seeks from a court of equity unconscionable relief without offering to do complete equity. The rule is that a bill in equity which states any ground for equitable relief is not subject to a general demurrer. City of Orlando v. Equitable Bldg. & Loan Assoc., 45 Fla. 507, 33 Sou. Rep. 986.

One of the objects of the bill in this case is to have certain deeds absolute on their face declared to be mortgages and subject to redemption. The allegations of the bill are clearly sufficient to meet the test of a bill of that sort, so the bill of complaint cannot be said to be wholly with-

out equity, such as would have warranted the order made by the Chancellor sustaining the general demurrer, even if all the other grounds in the bill urged for relief are unfounded.

To support a bill for redemption from a mortgage, it is only necessary that complainant offer to pay all amounts *legally* due on the debt secured, in order to sustain such bill. If by reason of violation of the usury laws a part of the amount lent has become forfeited or otherwise not recoverable in law, it is wholly unessential to enable complainant to obtain relief, that he offer to pay amounts which under the law are not payable by him or recoverable from him. To hold otherwise would permit the usury laws to be defeated and frustrated in their object, by the simple device of the usurer in exacting a deed in lieu of a mortgage to secure and make certain the payment of amounts which would otherwise be forfeited, or be rendered not recoverable from the borrower.

When it is once established that a mortgage exists, the equitable right of redemption attaches to the transaction as an inseparable incident. The right to redeem is an incident to every mortgage, or deed which is in law to be regarded as a mortgage, because given to secure the payment of money, and such right of redemption belongs to the mortgagor and those claiming under him. This right cannot be extinguished except by due process of law. Stovall v. Stokes, 94 Fla. 717, 115 Sou. Rep. 828; Quinn Plumbing Co., Inc. v. New Miami Shores Corp., 100 Fla. 413, 129 Sou. Rep. 690, 73 A. L. R. 600.

He who seeks equity must do equity, so it is an essential part of a bill to redeem a mortgage that it offers in express terms to pay the amount due, with costs. Horn v. Indianapolis Nat. Bk., 125 Ind. 381, 25 N. E. 558, 21 A. S. R. 231, note 9 L. R. A. 676. But when the bill does this, it is sufficient and it is not necessary that the complainant

allege his willingness or ability to pay more than under the law he is legally and justly liable to pay, according to the nature of the transaction.

The case at bar is not controlled by what was said in Taylor v. Rawlins, 90 Fla. 621, 106 Sou. Rep. 424, since no indebtedness can become judicially collectible against a borrower by a lender in excess of what is permissible to be collected under the usury laws, where it appears that usury has been exacted on the original loan or in suit. This is true regardless of the form or device by which the debt is secured, evidenced or to be established. Therefore the borrower in a case like the present is under no legal or equitable obligation to offer in his bill of complaint to return the *full* amount of the money he has obtained from the lender, where it is made to appear that the transaction in its inception was tainted with usury. In such cases the borrower is only under the obligation to offer to repay the lender what, if anything, the usury statutes preserve to him as a legally recoverable demand judicially enforceable on the lender's behalf in a court of equity.

When a bill of complaint is filed to redeem as mortgages conveyances absolute on their face, and it is further alleged that the loan secured by such mortgages is usurious, so that the principal sum and interest, or the interest only, is subject to forfeiture and should be forfeited under the Florida usury statutes, and the complainant in his bill offers to pay any and all sums the court may find to be *justly* due and owing from him to defendant, on such terms and conditions as the court may find to be proper, and couples the same with a further general allegation of an offer to do complete equity, it is error to sustain a general demurrer to such bill.

In any case where a bill of complaint seeks to avoid the effect of usury in a transaction attacked by such bill, an offer by the complainant to do equity is sufficient, without

profert in *curia* or prior tender of any particular sum by complainant. The rights of each of the parties in such cases can be, and should be, taken in account and protected by the court in considering the case if the usury alleged is duly established. But this can be adequately taken care of in the final decree which settles the accounts and adjudicates the rights between the parties.

It follows that it was wholly unnecessary in the instant case for the complainant to have offered · to return the actual sum of money he had received or to pay back any particular sum, or to offer to pay lawful interest thereon, as a condition precedent to the filing of his bill of complaint, or as a requisite to his merely asking for relief from the consequences of the alleged usury described in such bill.

Where usury has been exacted in violation of the criminal law, as well as the civil, as seems to be charged here, although it is not in terms directly alleged in the bill that the defendant wilfully and knowingly *charged and accepted* from complainant a sum of money greater than the sum of money loaned and an additional sum of money equal to twenty-five per cent upon the principal sum loaned, the state, as well as the parties to the transaction, may have an interest in the enforcement of the penalty. Such a transaction to come within Section 6942 (4855) C. G. L., would have to be carried out ''wilfully and knowingly'' in direct and inexcusable violation of the law.

There is nothing contrary to equity and good conscience in strictly enforcing a statute which prohibits the doing of certain acts ''wilfully and knowingly'' in violation of its provisions. There is consequently no good reason why a complainant in a suit in equity involving a charge of criminal usury under our statute should be under any greater disability as an actor seeking relief than he would be if he were a defendant in the same case, where the same

state of facts was made to appear. In either situation the position of the complainant is that of *defense*—because the defense is against the exaction of the usury whether the person defends himself as complainant or defendant.

The order sustaining the demurrer to the bill of complaint is reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.