GEORGE MICHELS AND NATIONAL CULVERT CO., INC. *v.* YOUNG METAL PRODUCTS, INC.

[No. 1069A198. Filed March 24, 1971. Rehearing denied April 26, 1971. Transfer denied November 3, 1971.]

*John W. Barce, George Vann, Barce, Barce & Vann,* of counsel, all of Kentland, for appellants.

*Owen W. Crumpacker, Harold Abrahamson,* of Gary, for appellee.

SULLIVAN, P.J.—This is an appeal from the granting of a new trial to plaintiff-appellee following a jury verdict for defendants in a replevin action. Plaintiff-seller's complaint in essence alleged immediate entitlement to possession of various personal property by reason of defendant-purchaser Michel's default upon a purchase agreement for such property. The purchase agreement in question contemplated the sale of various business property and interests, the pertinent provisions of which are as follows:

"6)   The Buyer agrees to buy and pay for said inventory the sum of ONE HUNDRED EIGHTY FIVE THOUSAND DOLLARS ($185,000.00) as follows:

"FIFTY THOUSAND DOLLARS ($50,000.00) cash on March 31st, 1964, the date for closing of this transaction, and agrees to pay the balance of ONE HUNDRED THIRTY FIVE THOUSAND DOLLARS ($135,000.00) as follows: Seventy Five Hundred Dollars ($7500.00) on the 1st day of June, 1964, and Seventy Five Hundred Dollars ($7500.00) on the first day of each month thereafter up to and including May 1, 1965; Ten Thousand Dollars ($10,000.00) on the first day of June, 1965; Ten Thousand Dollars ($10,000.00) on the first day of July, 1965; Ten Thousand Dollars ($10,-000.00) on the first day of August, 1965; *and Fifteen Thousand Dollars ($15,000.00) on the first day of September, 1965* . . ." (Emphasis supplied).

"* * *

"9)    Seller agrees to execute a sublease of the Gary Plant to the Buyer herein for a period of two (2) years from March 1, 1964, at a rental of EIGHT HUNDRED AND FIFTY DOLLARS ($850.00) per month, to be paid in advance, . . ."

"*  *  *

"12)    The Buyer being the owner of a one-half interest of the property described in the sublease heretofore referred to shall purchase the one-half interest of the Seller in and to the said items of buildings, furniture, fixtures, machinery and equipment (subject to wear and tear subsequent to the date hereof) and shall obtain an assignment of the existing lease between the E.J.&E. Railroad and the Seller, upon payment of FIFTY THOUSAND DOLLARS ($50,000.00) at any time within two (2) years from the date of this Agreement. . ."

"13) . . .
"The parties agree that at the present time there is a so-called Pakistan order, . . . now outstanding for the manufacture of structural pipe therein specified in said order, which order is in the sum of TWENTY THREE THOUSAND SIXTY FIVE DOLLARS AND 28/100 ($23,065.28) ; the Buyer agrees to complete said order in accordance with the specifications in said order; when the Buyer completes said order for the Seller, the Seller agrees to pay the Buyer the sum specified in said order when said order is paid by Pakistan . . . *Payment for inventory used shall be deferred until the receipt of said $23,065.28 from Pakistan . . .*"
(Emphasis supplied).

"*  *  *

"17)    Upon the failure of the Buyer to make the payments, or any part hereof, as herein provided; or upon default of the covenants and conditions herein contained . . . and after notice to Buyer and Buyer's failure to remedy the default as herein provided, the Seller, at its option, shall have the right to terminate the Buyer's rights under this Agreement, . . . and upon termination, all sums paid hereunder and Buyer's and any assignee's title, right and interest to the property set forth in 'Exhibit A' shall pass to and be retained by the Seller herein as liquidated damages, . . .

"If Seller desires to terminate this Agreement because of any default of the Buyer hereunder, . . . Seller shall give the Buyer written notice addressed to it at the Gary Plant,

or at such address as the Buyer shall notify Seller, by Certified Mail, Return Receipt Requested; and on failure of the Buyer to remedy the default within ten (10) days from the delivery of said notice, as evidenced by return receipt, Seller may declare contract terminated and forfeited as herein provided."

Plaintiff contended, and correctly so, that defendants did not make the final $15,000.00 inventory payment on or prior to September 1, 1965, as required by the contract. Plaintiff accordingly argues that it exercised the option provided by the contract on September 1, 1965, by sending defendants a "notice of termination". Said notice referred solely to the alleged default committed by defendants in failing to make the final $15,000.00 payment.

Under the contract, in event of a default, defendants were permitted a ten day period to remove or remedy the cause of default, failing which plaintiffs were authorized to terminate the purchase contract and declare forfeiture. Defendants did not make the $15,000.00 payment within ten days following receipt of the September 1 notice of termination, and plaintiff thereupon on September 15 sent a letter advising defendants that the contract "was terminated".

Resolution of the issue before us depends upon the validity of defendants'-appellants' contention that they complied with all provisions of the contract; that they paid $170,000.00 under the contract but did not make the final $15,000.00 payment "because they were not obligated under the contract to make such payment, said payment being deferred until payment was received for an order from the Pakistan government, which defendants had completed". Such contention was initially made in support of defendants' unsuccessful motion for summary judgment. That motion was opposed by plaintiff, which in a counter-affidavit asserted that defendants had not completed the Pakistan order, which fact accounted for non-payment by the Pakistani government, and therefore that such non-payment was not justification for defendants to breach

the contract by defaulting upon the September 1, 1955, final installment.

This is no brief by appellee properly before us.[1] Therefore, appellants' burden in order to earn reversal is only to show a prima facie case of reversible error. *Mitchell* v. *Lawson* (1969), 145 Ind. App. 141, 250 N. E. 2d 259.

The apparent basis or rationale for the trial court's granting of plaintiff's motion for new trial is most demonstrably evident in an instruction given by the court which set forth the contract provision relative to the Pakistan order and which stated further:

> "You are instructed that under the undisputed evidence in this cause the payment for the inventory used in the so-called Pakistan order was in fact made by defendants prior to September 1, 1965."

The instruction above quoted, and its correctness with reference to the evidentiary facts, form the keystone of this appeal. If, by the undisputed evidence, the inventory items used in the Pakistan order were paid for prior to September 1, 1965, we must affirm since in that instance the contract provision extending the deadline for the final $15,000.00 payment would not be applicable. If, on the other hand, there is evidence to the effect that the items used to complete the Pakistan order had not been paid for, we must reverse unless the undisputed evidence further shows that defendants did not complete the Pakistan order or that the government of Pakistan made payment for such order.

There is credible evidence of record in this cause from which the jury could properly find for defendants as they did. There was evidence that the Pakistan order was completed by defendants; that the fabrication and completion of the order included inventory items which were the subject of

---

1. Appellee tendered its brief for filing subsequent to the time permitted by the rules of this court and sought extensions of the time for filing same. By order of this court dated June 15, 1970, such extension was denied.

the contract between plaintiff and defendants; that such inventory item exceeded the value of $15,000.00, being the final payment sum due on September 1, 1965; that the Pakistan order was not paid for by the Pakistani government or by anyone else;[2] and that the inventory items used in the Pakistan order were not paid for by defendants prior to September 1, 1965.[3]

By reason of the above, we now hold that the jury was entitled under the probative evidence of record to find that defendants were not in default on September 1, 1965, and that the verdict for defendants was therefore proper.

Appellee, in oral argument before this court, asserted that its right to possession of the personalty in replevin was not controlled solely by the alleged default in payment of the final $15,000.00 on September 1, 1965. Appellee claims additionally that subsequent to that date defendants defaulted in the timely payment of contractual rental installments and that defendants were in default upon the $50,000.00 sum, representing the amount agreed to for purchase by defendant Michels of plaintiff's one-half interest in property theretofore owned by appellee and defendant Michels jointly.

We need not address ourselves to such alleged defaults for the reason that such matters are outside the scope of the issues tried below. The relief prayed in plaintiff's amended complaint

2. The evidence is undisputed upon the point but appellee argues that the order was not paid for because it was never completed and shipped to Pakistan. There was evidence from the bookkeeper and office manager of defendants, who was in charge of all inventory and work orders, that the Pakistan order had in fact been completed and that failure to ship the order to Pakistan, a responsibility of appellee, was occasioned by a dock strike at the anticipated point of coastal debarkation. With reference to completion of the Pakistan order, it clearly appears that the trial court thought that the evidence at least conflicted, for the court, in its instructions, left that factual determination to the jury.

3. The testimony discloses that in keeping with order and invoicing procedures followed by plaintiff and defendants, an invoice was prepared on February 19, 1965, representing the amount of inventory utilized in the Pakistan order. That invoice was returned to defendants with a notation in the handwriting of Mr. Young, president of appellee corporation to the effect that payment for those inventory items was not due until Pakistan paid for the order.

was sought solely upon the basis of the purported default of September 1, 1965, and plaintiff's right of possession in replevin was allegedly fixed as of that date. On that date defendants were not in arrears upon rental installments nor was the $50,000.00 amount yet due.

Plaintiff-appellee is further constrained by the effect of its unjustified termination of the contract on September 15, 1965. The rights and obligations under the contract extended only to the date of termination. Defendant-appellants were not obligated to perform contractual duties subsequent to that date. See *Lawrence* v. *Cain* (1969), 144 Ind. App. 210, 245 N. E. 2d 663. Thus, subsequent rental installments and the $50,-000.00 lump sum left due under the contract after September 15, 1965, were not enforceable obligations of the defendants-appellants.

Our decision in this cause, therefore, does not purport to adjudicate all possible rights and obligations of the parties which may have existed under the contract concerned. It decides merely that on September 1, 1965, defendants were not in default by reason of the failure to pay the $15,000.00 installment due that date and that therefore plaintiff was not entitled to terminate the contract or exercise the forfeiture provisions thereof.

We now reverse the decision below and remand the cause with instructions to reinstate the verdict of the jury and to enter judgment thereon.

Buchanan, Lowdermilk and Roberston, JJ., concur.

NOTE.—Reported in 267 N. E. 2d 572.