JOSHUA CAZARUS, JOYCE CAZARUS, KAY L. SULLIVAN v.
THEODORE BLEVINS, EMMA BLEVINS, CHESTER
G. BATCHELOR, HAZEL M. BATCHELOR,
MARY K. SHAW.

[No. 1-973A168. Filed March 13, 1974. Rehearing denied April 16, 1974.
Transfer denied June 18, 1974.]

*Charles S. Gleason, Gleason, Woods & Johnson,* of Indianapolis, for appellants.

*Ruel W. Steele, Steele, Steele & Steele,* of Bedford, *Robert A. Ralston, Ellison & Ralston,* of Bedford, for appellees.

ROBERTSON, P.J.—Defendants Cazarus bring this appeal from a default decree entered against them in the Lawrence Circuit Court. Blevins filed their complaint to reform deeds and to quiet title on July 22, 1971. The Return on Service of Summons shows that a copy of the complaint and summons was delivered on July 24 by the Sheriff to Joshua and Joyce Cazarus, and a copy for Kay Sullivan was left with Joyce Cazarus on the same date. No appearance was entered for Cazarus, and after proof of service on the defendants the trial court issued a default decree on August 23, 1971. The defendants appeared by counsel on June 13, 1972, and on June 20, 1972, filed a motion for relief from judgment decree

which the court denied on April 9, 1973. The defendants then filed a motion to correct errors and from its denial comes this appeal.

The factual background can be determined from the complaint. It alleges that plaintiff Blevins acquired title to the "parent" tract of land in Lawrence County in 1941; that at some time thereafter they conveyed a part of that land to the State of Indiana for highway right of way purposes; that in 1956 they conveyed a part of the parent tract to a Mr. and Mrs. Spaulding; that by mutual error the warranty deed from Blevins to Spaulding contained an erroneous description of the real estate; that through a series of conveyances the Spaulding land had now settled in the name of the present owner, plaintiff Mary Shaw; that through mutual mistake and inadvertence the erroneous description survived each conveyance and was shown in Mary Shaw's deed; that in 1965 Blevins conveyed another part of the parent tract to plaintiffs Mr. and Mrs. Batchelor, and again, through mutual mistake and inadvertence, incorrectly described the real estate; that at the time of the complaint the plaintiffs Blevins, Batchelor, and Shaw were the owners in fee simple of the original parent tract of the Blevins; that all plaintiffs admit the mutual mistake in the land description; that in 1968, plaintiff Shaw entered a conditional sales contract for the sale of her land to defendants Mr. and Mrs. Cazarus and Kay Sullivan; that the erroneous description existed in said land contract; that by virtue of the erroneous description, Blevins believes that the defendants were claiming an interest in land adverse to Blevins interests; that in 1971, registered surveyor Prall surveyed the land in question and determined the correct description. Plaintiffs asked that their deeds be reformed and title quieted, and that the contract of sale be reformed, all in accordance with the true description of the land as set out in the complaint.

The defendants motion for relief from default decree was filed in accordance with Rule TR. 60(B) which provides in part as follows:

(B) Mistake—Excusable neglect—Newly discovered evidence—Fraud, etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order, default or proceeding for the following reasons:

(1) mistake, surprise, or excusable neglect;

* * * *

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

* * * *

(6) the judgment is void;

* * * *

(8) any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time, and for reasons (1), (2), (3) and (4) not more than one [1] year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding or for fraud upon the court. Writs of coram nobis, coram vobist, audita querela, and bills of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

Before discussing the arguments of the parties mention should be made of the standard of review from an order denying a rule TR. 60(B) motion. A rule TR. 60(B) motion is addressed to the trial courts equitable discretion with the burden upon the movant to affirmatively demonstrate necessary and just relief. *Soft Water Utilities, Inc.* v. *Le Fevre* (1973), 261 Ind. 260, 301 N.E.2d 745. This court is limited to a review of only the order of denial, and not the underlying judgment. Wright and Miller,

Federal Practice and Procedure § 2871 at 259 (1973). The trial court will be reversed only if we are persuaded that there has been an abuse of discretion. Wright and Miller, *supra*, § 2872. See *Duncan* v. *Binford* (1971), 151 Ind. App. 199, 278 N.E.2d 591.

Rule TR. 60(B), as previously noted, provides that surprise, misrepresentation and fraud are each valid grounds for setting aside a default judgment. Cazarus asserted these three grounds in his motion for relief from the judgment decree. That motion was accompanied by a number of exhibits, some in the form of verified affidavits, another being an unsworn statement of Cazarus's original attorney (the attorney bringing this appeal is not the one originally consulted by defendants prior to litigation), and others being either court records or letters between the original attorney of Cazarus and Batchelor's attorney prior to institution of the suit. The principal purpose of these exhibits was to show why the original attorney for Cazarus did not appear in their behalf.

Counsel for the plaintiffs, in his affidavit accompanying his answer to the defendants motion, denied defendant's assertions and shows that Blevin's counsel sent two letters to Cazarus's counsel several months prior to filing the complaint. Cazarus's original counsel was invited to work with Blevins's counsel on an equitable settlement. Cazarus's original counsel never responded to these letters.

A view of the evidence in a light favorable to Blevins shows that there was no justification for Cazarus in letting the appearance date pass without their attention. The trial courts ruling to that effect is within the proper bounds of his discretion. The neglect, whether on the part of the defendants or their original attorney, is not shown to be, as a matter of law, excusable neglect. Nor could the litigation be termed as a surprise to the defendants or their attorney, because their original attorney had suggested in his correspondence

to the Batchelors and Shaw that a distinct possibility of legal action existed if settlement was not reached.

Another argument advanced by Cazarus, which seems to be directed to the fraud aspect, suggests a conflict of interest on the part of Blevins's counsel. The record does not substantiate such an allegation. Fraud, when considering rule 60(B) motion, is never presumed and must be always proven by clear and convincing evidence. *Saenz* v. *Kenedy* (5th Cir. 1949), 178 F.2d 417.

Once there has been a determination of the principal issue—the propriety of the trial courts ruling on the motion to vacate the judgment decree—the remaining arguments of Cazarus become splayed. We shall attempt to treat those which remain viable after applying Rule AP. 8.3(A)(7). ("The argument shall contain . . . citations of authorities . . . and a clear showing of how the issues and contentions in support thereof relate to the particular facts of the case. . . .")

We are of the opinion that those statutes dealing with a legal survey (IC 17-3-58-5, Ind. Ann. Stat. § 49-3313 (Burns 1964) ; IC 17-3-63-3, Ind. Ann. Stat. § 49-3342 (Burns 1973 Supp.) are not germane to the issues of this case in that they relate to an entirely different procedure to determine boundaries and not, necessarily, to reform a land contract or to quiet title.

Furthermore, findings as contemplated by Rule TR. 52(A) and (B) were neither required, nor sought, by the parties.

Cazarus's abstract claims of unconstitutionality are not a basis for reversal. *State ex rel. Haberkorn* v. *DeKalb Circuit Court* (1968), 251 Ind. 283, 241 N.E.2d 62.

Having found no reversible error the judgment of the trial court is affirmed.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 308 N.E.2d 412.