INEZ FITZGERALD, HARVEY FITZGERALD v. DONALD BROWN, RAYMOND BROWN, RUBY BROWN, SHELLY R. GOODMAN, ROMINE MOTORS.

[No. 1-575A87. Filed March 29, 1976.]

*Bates, Warrum and Noffsinger,* of Evansville, *John D. Clouse,* of Evansville, for appellants.

*Bamberger, Foreman, Oswald & Hahn,* of Evansville, *Gaylon Clark,* of Evansville, for appellees.

ROBERTSON, C.J.—Plaintiff-appellant Fitzgerald brings this appeal from the order of the trial court setting aside a default judgment previously entered against defendant-appellee, Brown.

The sole issue upon appeal is whether the default judgment was properly set aside. We affirm.

On May 21, 1971, Fitzgerald filed a complaint against Donald Brown and Raymond and Ruby Brown,[1] Donald's parents.

---

1. Shelly Goodman and Romine Motors were also named in the complaint and were parties to the record below, but no relief is sought against them on appeal.

The complaint alleged that Donald had negligently collided his vehicle into another vehicle which in turn crashed into the vehicle operated by Fitzgerald causing severe, permanent, and painful injuries. The complaint sought damages from Donald in the amount of $50,000. The complaint further alleged that Donald Brown was the agent of Raymond and Ruby Brown and that he was acting within the scope of his agency at the time of the collision. Damages in the amount of $50,000 were sought from Raymond and Ruby.

On May 28, 1971, the court entered a default judgment against Donald Brown. The court determined that proper service had been made upon Donald Brown and more than twenty days had elapsed during which Brown had failed to file a responsive pleading or enter an appearance. Later, on June 16, 1971, the court entered a default judgment against Raymond and Ruby Brown. The court determined that proper service had been made upon the Browns and more than twenty days had elapsed during which the Browns had failed to file a responsive pleading or enter an appearance.

On February 12, 1973, the court held a hearing to determine damages and heard evidence of the injuries sustained by Fitzgerald including medical bills, pain, suffering and discomfort. The court awarded damages of $6,000, plus costs. On March 22, 1973, Raymond and Ruby Brown filed a TR. 60 motion for relief from the default judgment and on April 11, 1973, Donald Brown also filed a motion for relief from judgment. On June 7, 1973, the court entered the following order: "Judgment ordered May 28, 1971, is set aside. New Trial ordered."

Fitzgerald brings this appeal contending that the court erred in setting aside the default judgments.

Fitzgerald treats the court's action as having granted all of the Browns, Raymond, Ruby and Donald, relief from the default judgments against them. However, the court's order set aside the default judgment of May 28, 1971, and only Donald Brown was defaulted on that

date. We are not at liberty to assume that the court intended to grant relief to all of the defendants. Our opinion is directed only to the express language of the court's order. Thus, our opinion is directed only to whether the court erred in setting aside the judgment against Donald.

Fitzgerald first argues that Donald Brown's motion for relief from judgment was not timely since it was filed more than one year after judgment was entered.

Ind. Rules of Procedure, Trial Rule 60(B) provides that a motion for relief from judgment shall be made within a reasonable time and for the first four reasons of the rule, not more than one year after judgment is entered.

Upon the facts of this case, the trial court could have set aside judgment under TR. 60(B)(8) which is not subject to the one year limitation, but only to the requirement that it be made within a reasonable time. *School City of Gary* v. *Continental Electric Co., Inc.* (1973), 158 Ind. App. 132, 301 N.E.2d 803. Thus, the fact that the motion was made more than one year after judgment was entered does not mean, as a matter of law, that the motion was not timely filed.

Fitzgerald next argues that even if the motion was timely made, the trial court erred in setting aside judgment.

A Trial Rule 60(B) motion is addressed to the trial court's equitable discretion and the burden is upon the movant to affirmatively demonstrate that relief should be granted. *Soft Water Utilities, Inc.* v. *LeFevre* (1973), 261 Ind. 260, 301 N.E.2d 745; *Duncan* v. *Binford* (1972), 151 Ind. App. 199, 278 N.E.2d 591.

The trial court's decision granting or denying the Trial Rule 60(B) motion will be reversed only if there has been clear abuse of that discretion. *Cazarus* v. *Blevins* (1974), 159 Ind. App. 512, 308 N.E.2d 412; *Kreczmer* v. *Allied Construction Company* (1972), 152

Ind. App. 665, 284 N.E.2d 869; *Moe* v. *Koe* (1975), 165 Ind. App. 98, 330 N.E.2d 761.

Trial Rule 60(B)(8) provides that a judgment may be set aside for "any other reason justifying relief from the operation of the judgment". Harvey states that TR. 60 (B)(8) "is catch-all provision allowing the court to vacate a judgment within the residual power of a court of equity to do justice". 4 Harvey, Ind. Prac. 215 § 60.17 (1971).

At the hearing on the motion for relief from judgment, Donald Brown testified that he did not receive service and did not have actual knowledge of the proceedings prior to the entry of the default judgment. Lack of actual notice of the proceedings has been held sufficient to justify the setting aside of a default judgment. *Knowlton* v. *Smith* (1964), 163 Ind. 274, 71 N.E. 895; *Nietert* v. *Trentman* (1885), 104 Ind. 390, 4 N.E. 306.

In addition, a party seeking to avoid a judgment must show that he has a good and meritorious defense to the claim against him. *Moe* v. *Koe* (1975), 165 Ind. App. 98, 330 N.E.2d 761; *Kreczmer* v. *Allied Construction Co.* (1972), 152 Ind. App. 665, 284 N.E.2d 869. Although this additional showing is not specifically required by Trial Rule 60(B), the case law indicates that such a showing is necessary for relief.

> "The rule requiring a meritorious defense to be shown before a judgment will be set aside . . . is a reasonable condition interposed by courts of equity. This is not unreasonable to a defendant, for under the authorities the only showing such defendant need make to invoke the aid of equity in this respect is to indicate he has a prima facie meritorious defense to the judgment he seeks to set aside." *Cantwell* v. *Cantwell* (1957), 237 Ind. 168, 177, 143 N.E.2d 275, 279-280.

Donald Brown presented what could be determined to be a meritorious defense to Fitzgerald's alleged cause of action.

He alleged that the accident was caused by the failure of the brake system on the car he was driving and that he had no knowledge of any defect in the brakes until just a few seconds before the accident.

The trial court did not abuse its discretion in setting aside the default judgment.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

Note.—Reported at 344 N.E.2d 309.