**Walter Lee SANDERS, Defendant–Appellant,**

v.

**Courtney M. KERWIN, Plaintiff–Appellee.**

No. 2–780A220.

Court of Appeals of Indiana, First District.

Dec. 18, 1980.

Shelley Levine, Kokomo, for defendant–appellant.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Walter Lee Sanders appeals from the denial of his motion to set aside default judgment and supplemental motion for the same purpose. We reverse and remand.

## STATEMENT OF FACTS

On October 5, 1979, Courtney Kerwin filed a notice of claim in the small claims docket of the Howard County Court claiming $475.00 on account.[1] The notice of claim was duly served upon Sanders by

---

1. The claim apparently was for attorney's fees alleged to be owed Kerwin by Sanders.

certified mail return receipt requested as provided by Ind.Rules of Procedure, Small Claims Rule 3. The notice of claim provided:

"TO THE DEFENDANT:

"You have been sued by the Plaintiff whose name appears above. *You must appear by writing to, or come in personally, or by your lawyer to the Howard County Court within twenty–three (23) days after receipt of this Notice of Claim or the Plaintiff may be given default judgment against you....* [Emphasis added.]

\* \* \* \* \* \*

"IMPORTANT INFORMATION CONCERNING THIS CLAIM

"(1) \* \* \*

"(2) \* \* \*

"(3) *If, and at such time, the defendant enters an appearance claim will be set for trial and a notice of trial setting will be sent to each party at the address shown above.* [Emphasis added.]

"(4) \* \* \*

"(5) \* \* \*

"(6) \* \* \*"

Sanders did not appear by writing to, by coming in personally, or by lawyer to the court. At the hearing on his motion to set aside the default judgment, he testified that he did not appear because, based upon past experience with the small claims court, he thought he would be notified of a trial date. No notice of any trial date or of any kind other than the notice of claim was ever sent to Sanders. The small claims court entered a default judgment in the amount of $475.00 against Sanders because of his failure to appear. Thereafter, on November 20, 1979, Sanders filed a motion to set aside the default judgment, and on December 13, 1979, he filed a supplement to said motion. In the first motion Sanders contends the judgment was entered by surprise since he was in the process of negotiating with Kerwin and that he had a meritorious defense.[2] The supplemental motion asserts

that the notice of claim did not specify the date, place, and time for him to appear as required by Ind.Rules of Procedure, Small Claims Rule 2(B)(3), and that his default was improper since under Ind.Rules of Procedure, Small Claims Rule 10(B)(1) he could be defaulted only for failure to appear at the time and place specified in the notice.

## ISSUES

Sanders has raised four issues in his motion to correct errors and brief. We have combined and restated those issues as follows:

1. Was the language of the notice of claim served upon Sanders contrary to the provisions of S.C.R. 2(B)?

2. Did the small claims court err in entering a default judgment against Sanders for his failure to appear in the manner specified in the notice of claim served upon him?

3. Did the court abuse its discretion in denying Sanders' motion to set aside the default judgment?

## DISCUSSION AND DECISION

Before proceeding with a discussion of the issues, we note that Kerwin has not favored us with an appellee's brief. Where the appellee fails to file a brief, if the appellant's brief presents a *prima facie* showing of reversible error, the judgment will be reversed. *Costanzi v. Ryan,* (1978) Ind.App., 370 N.E.2d 1333; *Michels v. Young Metal Products, Inc.,* (1971) 148 Ind. App. 502, 267 N.E.2d 572. Therefore, in this case, if Sanders has presented a *prima facie* showing of reversible error, we must reverse.

### Issues One and Two

The notice of claim served upon Sanders informed him that he must make an appearance in the manner specified within twenty–three (23) days. This is similar to the requirements of summonses in civil actions generally under Ind.Rules of Proce-

---

**2.** The motion asserts as a defense that the only bill received from Kerwin was for $350.00; that Sanders had paid $75.00 and thus owed only $275.00 which he was willing and ready to pay.

dure, Trial Rules 4(C) and 6(C).[3] However, S.C.R. 2 pertaining to commencement of small claims actions contains quite different provisions concerning the form of the notice of claim. S.C.R. 2(B) provides:

"(B) FORM OF NOTICE OF CLAIM. The notice of claim shall contain:

(1) The name of the court;

(2) The name, address and telephone number of the claimant and defendant(s);

(3) *The place, date and time when the parties are to appear for trial of the claim*, which date shall not be less than ten (10) days nor more than forty (40) days after service of said notice of claim;

(4) A brief statement of the nature of the claim and

(a) if the claim arises out of written contract, a copy shall be attached; however, the fact that a copy of such contract is not in the custody of the plaintiff shall not bar the filing of the claim;

(b) if the claim is on account, an itemized statement shall be attached;

(5) A statement that the parties may appear either in person or by an attorney;

(6) An instruction to the defendant that the defendant should bring to the hearing all documents in the possession of or under control of the defendant concerning the claim;

(7) A statement that if the defendant does not wish to dispute the claim he may nonetheless appear for the purpose of allowing the court to establish the method by which the judgment shall be paid;

(8) The name, address and telephone number of the person designated by the court with whom the defendant may communicate if defendant is unable to appear at the time or place designated in the notice;

(9) *A statement that a default judgment may be entered against the defendant if he fails to appear*; and

(10) Notice of the defendant's right to a jury trial and that such right is waived

unless a jury trial is requested within ten (10) days after receipt of the notice of claim; and

(11) Any additional information which may facilitate proper service." (Emphasis added.)

█ It is plain from a reading of this rule that the notice of claim must inform the defendant of the place, date, and time to appear for the trial of the claim. This is a specific requirement which is not met by advising the defendant to appear by writing to the court, or coming to the court personally or by lawyer within twenty-three days, and that a trial will be set after the defendant enters an appearance. The rule clearly requires the trial date to be set at the time the claim is filed and for the notice of claim to inform the defendant of the place, date, and time of the trial.

S.C.R. 4 pertains to responsive pleadings and entry of appearance in the following language:

"(A) PRESERVATION OF DEFENSES. All defenses shall be deemed at issue without responsive pleadings, but this provision shall not alter the burden of proof.

"(B) ENTRY OF APPEARANCE. For the purpose of administrative convenience the court may request that the defendant enter an appearance prior to trial. Such appearance may be made in person, by telephone or by mail but *the fact that no appearance is entered by the defendant shall not be grounds for default judgment*." (Emphasis added.)

Since no responsive pleading is necessary in small claims court, there is no reason for specifying a time for appearance and filing a responsive pleading as in the case of ordinary civil actions. Further, S.C.R. 4(B) clearly limits the right to request defendants to enter appearances prior to trial to the administrative convenience of the court. But, the same rule clearly provides that a defendant may not be defaulted for failure

---

**3.** T.R. 4(C)(5) requires the summons to advise the defendant concerning the time in which he is required to respond to the complaint. T.R.

6(C) fixes the time for such a responsive pleading.

to enter an appearance. The matter of default is provided for in S.C.R. 10(B) which rule, insofar as applicable provides:

"(B) DEFAULT. 1. *If the defendant fails to appear at the time and place specified for the hearing,* or for any continuance thereof, *the court may enter a default judgment against him.*

\*   \*   \*   \*   \*   \*

"2. Upon good cause shown the court may, within one year after entering a default judgment, vacate such judgment and reschedule the hearing of the original claim. Following the expiration of one year, the judgment debtor may seek a reversal of the original judgment only upon the filing of an independent action, as provided in Ind.R.Tr.P. 60(B)." (Emphasis added.)

The plain language of the pertinent Small Claims Rules makes it apparent that the notice of claim form served upon Sanders in this case did not comply with S.R.C. 4 [4] in that it did not advise him of the place, date, and time of trial. Under the clear provisions of the rule, Sanders was not required to enter an appearance.[5] He could be defaulted only for failure to appear at the time and place specified for hearing. Since the time and place of hearing had not been specified with the certainty required by S.C.R. 2(B)(3), he could not be defaulted at all.

For the reasons heretofore stated, it was error for the small claims court to enter a default judgment against Sanders.

Issue Three

Having determined that it was error for the court below to have entered a default judgment against Sanders, we turn to the question of whether it was an abuse of discretion, hence reversible error, for the court to have denied his motion and supplemental motion to set aside the default judgment. We conclude that it was.

■ S.C.R. 10(B)(2) provides that upon good cause shown the court may within one year after entry of a default judgment, vacate the judgment and reschedule the hearing. We recognize the rule which requires the movant to carry the burden of affirmatively establishing his right to relief. *In Re Marriage of Jones,* (1980) Ind.App., 389 N.E.2d 338. Having already determined that the default judgment was erroneously entered, we believe Sanders sustained his burden.

■ We also recognize the well established rule in this state that a party seeking to set aside a default judgment because of mistake, inadvertence, surprise or excusable neglect, in addition to showing the mistake, inadvertence, surprise or excusable neglect, also must show that he has a good and meritorious defense to the cause of action. *Kreczmer v. Allied Construction Co.,* (1972) 152 Ind.App. 665, 284 N.E.2d 869. The movant must allege matter constituting a meritorious defense. *Fitzgerald v. Brown,* (1976) 168 Ind.App. 586, 344 N.E.2d 309. Here, Sanders alleged that the only bill he ever received from Kerwin was for $350.00, that he had paid $75.00, and owed only $275.00 which he was ready and willing to pay. Such allegations state a meritorious defense to a claim for $475.00. Thus, assuming *arguendo,* Sanders' motion to vacate the default judgment to be predicated upon either mistake or excusable neglect, we find that he has established such grounds, and further find that he has met the burden of showing *prima facie* a meritorious defense.

The judgment is reversed with instructions to the trial court to vacate the default judgment and to reschedule the hearing of the original claim.

ROBERTSON, P. J., and NEAL, J., concur.

---

4. It is interesting that the Rules for the Small Claims Docket of the Howard County Court contained Small Claims Rule 2 which is identical in its provision to S.C.R. 2. Thus, the notice of claim in question also failed to comply with the local rules.

5. Indeed the Howard County Court Small Claims Rule 4 omitted section (B) of the Small Claims Rules pertaining to appearances. There is nothing in the local rules requiring the entry of appearance prior to trial.