Robert S. **BOLES,** Appellant
(Plaintiff Below),

v.

Wayne **WEIDNER** and W. W. Service Center, Appellees (Defendants Below).

No. 4–482A90.

Court of Appeals of Indiana, Fourth District.

Oct. 14, 1982.

Rehearing Denied Nov. 6, 1982.

December 19, 1978. Prior to commencement of any suit, Weidner was advised of Bole's representation by counsel by letter on January 16, 1979. Weidner's insurer responded to such notification by letter. Correspondence between Boles' lawyer and the insurer followed.

Boles filed his complaint for damages on October 17, 1980. Weidner and W. W. Service Center, his employer, were both served with a copy of the complaint and summons. No appearance was made for either party. On December 4, 1980, Boles moved for default judgment. The motion was granted that day. On December 29, 1980, the trial judge heard evidence of Boles' damages and granted judgment against Weidner and W. W. Service Center in the sum of $65,000.00 plus costs.

Counsel for Weidner and W. W. Service Center entered an appearance on September 1, 1981, and filed a motion for relief from judgment. Weidner claimed that he had given the summons and complaint to the Gibson Insurance Agency which was to notify the Hartford Insurance Group, Weidner's insurer. A "breakdown in communication" between the Gibson Insurance Agency and the Hartford Insurance Group resulted in Hartford not receiving notice of the suit. Weidner contended that the breakdown in communication constituted mistake, inadvertent surprise or excusable neglect which justified the setting aside of the default judgment.

After initially granting the motion without hearing any evidence, the trial judge set aside the grant of relief and heard evidence. It then granted the motion in January of 1982 making the following findings:

[T]he amount of the judgment is large, there are material issues of fact on the issue of liability as well as damages, *the breakdown in communication between the independent insurance agency (Gibson Insurance Agency) and Hartford Insurance Group constitutes mistake, inadvertent surprise or excusable neglect, and the failure of plaintiffs' counsel to exercise the common courtesy of notification*

Anthony J. Iemma, Elkhart, for appellant.

Thomas D. Blackburn, May, Oberfell, Helling, Lorber, Campiti & Konopa, South Bend, for appellees.

YOUNG, Presiding Judge.

Plaintiff-appellant Robert S. Boles appeals from the granting of defendants-appellees Wayne Weidner's and W. W. Service Center's motion for relief from judgment under Trial Rule 60(B).

Robert S. Boles was involved in an automobile accident with Wayne Weidner on

*to the insurance carrier (Hartford) of the existence of a suit constitutes conduct prejudicial to the entry of a default judgment and a factor which contributed to the entry of default.* [Emphasis ours.]

Boles appeals contending that the trial court's ruling was an abuse of discretion in that there was no evidence to support its findings and thus its granting of the motion was contrary to law. Our standard of review was recently discussed in *Stewart v. Hicks,* (1979) Ind.App., 395 N.E.2d 308, 311:

A Trial Rule (60)(B)(1) motion to set aside a default judgment is addressed to the trial court's equitable discretion with the burden upon the movant to affirmatively demonstrate necessary and just relief. *Cazarus v. Blevins* (1974), 159 Ind. App. 512, 308 N.E.2d 412, 414. The movant must show a sufficient excuse for suffering a default judgment through mistake, surprise or excusable neglect. *Kreczmer v. Allied Construction Company* (1972), 152 Ind.App. 665, 284 N.E.2d 869, 870. There is no general rule as to what constitutes excusable neglect. Each case must be determined on its particular facts. *Grecco v. Campbell* (1979), Ind. App., 386 N.E.2d 960, 961; 4 W. Harvey & R. Townsend Indiana Practice § 60.10, at 209 (1971) [hereinafter Harvey]; 17 *I.L.E. Judgments* § 187 (1959).

'The following facts have been held to constitute excusable neglect, mistake, and inadvertence: (a) absence of a party's attorney through no fault of party; (b) an agreement made with opposite party, or his attorney; (c) conduct of other persons causing party to be misled or deceived; (d) unavoidable delay in traveling; (e) faulty process, whereby party fails to receive actual notice; (f) fraud, whereby party is prevented from appearing and making a defense; (g) ignorance of defendant; (h) insanity or infancy; (i) married women deceived or misled by conduct of husbands; (j) sickness of party, or illness of member of family.'

*Continental Assurance Company v. Sickels* (1969), 145 Ind.App. 671, 252 N.E.2d 439, quoting 2 *Wiltrout Indiana Civil Procedure* § 1230, p. 243. Also cited in *Harvey, supra.* Only where the trial court has abused its discretion will its decision in granting or denying a motion to set aside a default judgment be reversed. *Cazarus, supra; Kreczmer, supra.*

The trial court's discretion is not unlimited; there must be facts that demonstrate that the defendants' conduct was such that fairness excuses them from appearing and defending. Here, the facts presented to the trial judge are insufficient to support setting aside the default. The lawsuit was against Weidner and his company, not his insurance agent or insurer. It may have been the contractual duty of Hartford to defend, but they were never notified by the agent. The failure of Gibson to notify Hartford may have been a "breakdown of communication" but without more facts we have no way of knowing whether the breakdown was an excusable act or omission of the defendants. There were not sufficient facts before the trial court to justify a finding of excusable neglect and the trial court's finding on this issue is in error.

Furthermore, plaintiff's lawyer was under no obligation to notify Hartford of any lawsuit out of any sense of common courtesy. He was an advocate for the plaintiff not the defendants. Notifying the insurer was the insured's obligation.

The order is reversed and the trial court is ordered to enter judgment for the plaintiff.

MILLER and CONOVER, JJ., concur.