Chandu R. VANJANI, Padma C. Vanjani, Defendants-Appellants,

v.

The FEDERAL LAND BANK OF LOUISVILLE, Plaintiff-Appellee.

No. 1–982A262.

Court of Appeals of Indiana, First District.

July 19, 1983.

Rehearing Denied Aug. 23, 1983.

Anne Cavanaugh Thomas, Law Offices of Frank & Thomas, Evansville, for defendants-appellants.

Charles R. Nixon, Fair, Nixon & Stilwell, Princeton, Charles L. Hardin, Louisville, Ky., for plaintiff-appellee.

NEAL, Judge.

### STATEMENT OF THE CASE

Defendants-appellants Chandu R. Vanjani (Chandu) and Padma C. Vanjani (Padma) appeal a denial of their motion to set aside a default judgment of mortgage foreclosure under Ind.Rules of Procedure, Trial Rule 60(B), which judgment was entered in favor of the plaintiff-appellee The Federal Land Bank of Louisville (Land Bank).

We affirm.

### STATEMENT OF THE FACTS

Vanjanis executed a real estate mortgage on June 21, 1977, to secure a note containing an acceleration clause in the amount of $75,000 to the Land Bank. Annual payments, commencing March 1, 1978 in the amount of $6,819.82, fell in default on March 1, 1980 and March 1, 1981, and the Land Bank, by letter dated April 1, 1981, demanded payment in full by April 17, 1981, or foreclosure would result. Chandu, who now lived in Arizona, responded to the April 1 letter by his own letter dated April 11, 1981, and asked for an extension of the deadline.

The Land Bank filed suit on the note to foreclose the mortgage on July 1, 1981, naming the Vanjanis, Union Mortgage and Loan (a second mortgagee), and the treasurer of Warrick County as defendants. Summons was issued to Chandu and Padma, separately, by certified mail return receipt requested at their Arizona address, 1921 Windson, Sierra Vista, Arizona. The return receipts were received and signed

"P.C. Vanjani" and "Padma C. Vanjani" respectively. The date acknowledged on the receipt was July 6, 1981. Additionally, summons by publication was given to Vanjanis in the Boonville Standard three successive weeks, commencing July 5, 1981. No appearance was made by Vanjanis and upon Land Bank's motion, default judgment was entered on October 16, 1981. The judgment awarded Land Bank $86,156, attorney fees and interest; Union Mortgage was awarded $25,706. The mortgage was foreclosed, and the property ordered sold. After advertising, the property was sold by the Sheriff of Warrick County on November 24, 1981 to Land Bank.

Vanjanis filed their T.R. 60(B) motion on March 3, 1982, and a hearing was held on April 23, 1982. In the proceeding, by affidavit and oral testimony, Vanjanis presented evidence as follows: They were naturalized citizens, having been born in India and having lived in the United States for 12 years. While Chandu was the possessor of a Bachelor of Engineering degree earned in the United States, Padma's education was limited to high school in India and she had limited communication skills in English. Padma had received the two certified mail envelopes and had executed the return receipts. According to the customs of her native land women did not meddle in men's business affairs, so she laid the letters aside for perusal by her husband, Chandu. One of the envelopes containing the summons was addressed specifically to her. However, she inadvertently failed to bring them to his attention. Because of her lack of fluency in English the return address of the Clerk of the Warrick Circuit Court meant nothing to her. Chandu, upon discovery of the default in February, 1982, searched and found the envelopes containing the summons in his desk at their home buried in a pile of other papers. He immediately moved to have the default set aside. Vanjani's evidence showed that they did not have actual knowledge of the suit, default, judgment, or sale until late February, 1982. Vanjanis do not contend that they had a meritorious defense to the suit for the note was in default. They contend that had they had notice they could have redeemed the property or otherwise salvaged some of their equity. However, in his testimony, Chandu stated he merely wanted to continue making payments.

The trial court denied the motion. The formal entry made no mention of the trial court's reasons, and no findings of facts or conclusions of law were entered. However comments at the hearing indicated the court was concerned that no meritorious defense had been shown by Vanjanis.

## ISSUES

Vanjanis present four issues for review. They contend that:

I. The denial of the 60(B) motion resulted in their property being taken from them without due process;

II. The trial court abused its discretion in denying the 60(B) motion;

III. The trial court abused its discretion in requiring them to show a meritorious defense in a foreclosure action, and

IV. The right of redemption in a foreclosure action is equivalent to a meritorious defense.

All of the issues hinge on the argument by Vanjanis that they did not have adequate notice of the proceedings.

## DISCUSSION AND DECISION

*Issue I. Due process*

█ Vanjanis concede that the Land Bank strictly complied with the requirements of the Indiana foreclosure statutes and the rules of procedure. They argue, however, that if they had notice of the sale they could have redeemed the property by paying the judgment at any time prior to the sale. The equitable right of redemption, they argue, attaches to the mortgage as a separate incident. This right is property, and cannot be extinguished without due process of law including notice and an opportunity to be heard. They cite *McCormick v. First National Bank of Miami*, (S.D. Fla.1971) 322 F.Supp. 604; *Huie v. Smith*,

(1938) 236 Ala. 516, 183 So. 661; *Robbins v. Blanc,* (1932) 105 Fla. 625, 142 So. 223; *Mooney v. Miller,* (1922) 195 N.Y.S. 437, 119 Misc. 134; and *State v. Holtcamp,* (1912) 245 Mo. 655, 151 S.W. 153, to support their position. We accept the contention that the right of redemption is property and is protected by due process. However, Vanjanis predicate their whole argument on the assumption that *no* legal notice was given them at all. Excusable neglect will be discussed *infra.*

Summons by certified mail is authorized for non-resident defendants for in rem actions by Ind.Rules of Procedure, Trial Rule 4.9(B)(2). Such service satisfied due process under the Federal and State Constitution for in rem actions, and even in personam actions where the underlying transaction was consummated within the State. *Griese-Traylor Corporation v. Lemmons,* (1981) Ind.App., 424 N.E.2d 173. The essential question which Vanjanis present is whether additional notice, after service of summons, is required to be given the mortgagor on foreclosure of the motion for default, default judgment, and sale. They cite no authority for this proposition, and we know of none. Ind.Rules of Procedure, Trial Rule 55 contains no such requirement except where a party has appeared. A party properly brought into court is chargeable with notice of all subsequent steps taken in the cause down to and including the judgment, although he does not in fact appear or have actual notice thereof. *Clouser v. Mock,* (1959) 239 Ind. 143, 155 N.E.2d 745; *Flanders v. Ostrom,* (1933) 206 Ind. 87, 187 N.E. 673; *Lyerson v. Hogan,* (1982) Ind.App., 441 N.E.2d 683; *Guydon v. Taylor,* (1945) 115 Ind.App. 685, 60 N.E.2d 750. Services of summons by certified mail was had upon Vanjanis at their residence as required by T.R. 4.1(A)(1) and absent a showing of excusable neglect they are bound by the proceedings occurring thereafter. *See, Hines v. Behrens,* (1981) Ind. App., 421 N.E.2d 1155; *Indiana Suburban Sewers, Inc. v. Hanson,* (1975) 166 Ind.App. 165, 334 N.E.2d 720.

## Issue II. Abuse of discretion

The standard of review of a trial court's action regarding the setting aside of a default judgment was recently summarized in *Boles v. Weidner,* (1982) Ind.App., 440 N.E.2d 720, as:

"['] A Trial Rule (6)(B)(1) motion to set aside a default judgment is addressed to the trial court's equitable discretion with the burden upon the movant to affirmatively demonstrate necessary and just relief. *Cazarus v. Blevins* (1974), 159 Ind. App. 512, 308 N.E.2d 412, 414. The movant must show a sufficient excuse for suffering a default judgment through mistake, surprise or excusable neglect. *Kreczmer v. Allied Construction Company* (1972), 152 Ind.App. 665, 284 N.E.2d 869, 870. There is no general rule as to what constitutes excusable neglect. Each case must be determined on its particular facts. *Grecco v. Campbell* (1979), [179] Ind.App. [530], 386 N.E.2d 960, 961; 4 W. Harvey & R. Townsend Indiana Practice § 60.10, at 209 (1971) [hereinafter Harvey]; 17 I.L.E. Judgments § 187 (1959).

"The following facts have been held to constitute excusable neglect, mistake, and inadvertence: (a) absence of a party's attorney through no fault of party; (b) an agreement made with opposite party, or his attorney; (c) conduct of other persons causing party to be misled or deceived; (d) unavoidable delay in traveling; (e) faulty process, whereby party fails to receive actual notice; (f) fraud, whereby party is prevented from appearing and making a defense; (g) ignorance of defendant; (h) insanity or infancy; (i) married women deceived or misled by conduct of husbands; (j) sickness of party, or illness of member of family."

*Continental Assurance Company v. Sickels* (1969), 145 Ind.App. 671, 252 N.E.2d 439, quoting 2 *Wiltrout Indiana Civil Procedure* § 1230, p. 243. Also cited in *Harvey, supra.* Only where the trial court has abused its discretion will its decision in granting or denying a motion to set aside a default judgment be reversed. *Cazarus, supra;*

*Kreczmer, supra.*['] [*Stewart v. Hicks,* (1979) Ind.App., 395 N.E.2d 308, 311.]

The trial court's discretion is not unlimited; there must be facts that demonstrate that the defendants' conduct was such that fairness excuses them from appearing and defending."

440 N.E.2d at 722.

■ An abuse of discretion will be found only where the court's conclusion and judgment are erroneous, clearly against the logic and effect of the facts and circumstances before the court. *First National Bank & Trust Company of Crawfordsville v. Coling,* (1981) Ind.App., 419 N.E.2d 1326.

There are numerous cases that hold that the negligence of a lawyer, insurance agent, adjuster, or other handling process does not amount to excusable neglect as a matter of law, and does not require reversal by this court. *Siebert Oxidermo, Inc. v. Sheilds,* (1983) Ind., 446 N.E.2d 332; *Blichert v. Brososky,* (1982) Ind.App., 436 N.E.2d 1165; *Grecco v. Campbell,* (1979) Ind.App., 386 N.E.2d 960; *In re Marriage of Robbins,* (1976) 171 Ind.App. 509, 358 N.E.2d 153; *Payne v. Doss,* (1976) 170 Ind.App. 652, 354 N.E.2d 346; *Henline, Inc. v. Martin,* (1976) 169 Ind.App. 260, 348 N.E.2d 416; *Glennar Mercury-Lincoln, Inc. v. Riley,* (1975) 167 Ind.App. 144, 338 N.E.2d 670; *Moe v. Koe,* (1975) 165 Ind.App. 98, 330 N.E.2d 761; *Cazarus v. Blevins,* (1974) 159 Ind.App. 512, 308 N.E.2d 412.

■ As implied in *Henline* and *Grecco,* where the asserted excusable neglect consists of a clerk's negligence, the trial court, in its discretion, might or might not find excusable neglect, and neither ruling of the trial court would be disturbed on appeal.

The facts set forth in the statement of the facts do not compel the belief that the trial court abused its discretion. The two summons were delivered to the Vanjani home and receipted by Padma, one of the two parties and a responsible person. It was by her own neglect that she did not even open her own mail, nor deliver it to Chandu, her husband, which was her intention and custom. This case is not within the exception of *Roberts v. Watson,* (1977) 172 Ind.App. 108, 359 N.E.2d 615, where the husband and wife were separated and living apart. *See also, Idlewine v. Madison County Bank and Trust Company,* (1982) Ind. App., 439 N.E.2d 1198, which quoted with approval *Chaney v. Reddin,* (1949) 201 Okl. 264, 205 P.2d 310.

*Issue III. Meritorious defense*

■ As Vanjanis concede, Indiana requires a party seeking to set aside a default judgment to make a prima facie showing that he has a good and meritorious defense. *Plough v. Farmers State Bank,* (1982) Ind. App., 437 N.E.2d 471; *Fitzgerald v. Brown,* (1976) 168 Ind.App. 586, 344 N.E.2d 309; *Kreczmer v. Allied Construction Company,* (1972) 152 Ind.App. 665, 284 N.E.2d 869. Contrary to Vanjanis' contention the rule applies to mortgage foreclosures. *Becker v. Tell City Bank,* (1895) 142 Ind. 99, 41 N.E. 323. They concede that the note was in default and there was no defense. Payment was their only remedy. They argue that in mortgage foreclosure actions a defaulting mortgagor, under certain circumstances, need not show a meritorious defense as a prerequisite to relief from a default judgment. They cite *Becker, supra,* and *Fall v. Evans,* (1863) 20 Ind. 210. *Fall* involved a total lack of process and the court held that the owner of an equity of redemption could not have his interest extinguished without notice. *Becker* turned on the failure of a mortgagor to redeem for nine months after knowledge of the foreclosure and sale. The court held she waived her right. Again, the underlying argument made in this issue is the assumption that Vanjanis *received no* notice. We have held to the contrary.

*Issue IV. Redemption as a defense*

Vanjanis finally assert; without any cogent argument or citation of authority, that the right of redemption operates as a defense; and therefore, they have shown a defense. They have waived any issues. *Coghill v. Badger,* (1981) Ind.App. 418 N.E.2d 1201. However, we will address it briefly.

The meritorious defense that must be shown is one such that if the cause was retried on the merits, a different result would be reached. *Plough, supra.* On April 1, 1981, a demand was made on Vanjanis to pay or foreclosure would result. Chandu wrote back to the Land Bank on April 11, and talked to its representatives on the phone. In these communications Chandu pleaded hardship and asked that the deadline be extended. At the hearing on the T.R. 60(B) motion Chandu's testimony revealed that he simply wanted to continue payments. He made no tender of payment at any time. He did not explain where, between April 11 and July 1 when the suit was filed, he would get $86,156 to pay off the debt.[1] Chandu's claim that if he had received notice he would have made arrangements to pay has no real substance. It is a bare assertion without merit since we have determined that Vanjanis ignorance of Land Bank's foreclosure action was due to their inexcusable negligence.

We hold the right of redemption is not a defense as contemplated for the purposes of a 60(B) motion. *See Becker, supra,* which also involved mortgage foreclosure. Even if redemption was a defense, the amount due was not tendered. Nor did Vanjanis suggest any practical way to accomplish redemption.

For the above reasons this cause is affirmed.

Affirmed.

ROBERTSON, P.J., and RATLIFF, J., concur.

---

1. Under Indiana law, the mortgagor must tender the amount due to redeem his mortgage. *Calahan v. Dunker,* (1912) 51 Ind.App. 436, 99 N.E. 1021. A foreclosure sale cuts off the mortgagor's right of redemption. *State Bank of Hardinsburg v. Brown,* (1942) 317 U.S. 135, 63 S.Ct. 128, 87 L.Ed. 140, rehearing denied 317 U.S. 712, 63 S.Ct. 432, 87 L.Ed. 567.