PER CURIAM.
In an action on a promissory note, defendant and third party plaintiff, Colonial Press of Miami, Inc., takes this appeal to review a summary judgment in favor of third party defendant, Murray Sanders, dismissing him from the action in the trial court.
This cause was commenced when the executrix of a deceased’s estate filed a complaint against Colonial Press of Miami to recover a $13,800 balance due on a promissory note dated March 21, 1966 in the original amount of $24,700. Payments were made by appellant to the estate until the balance was reduced to $13,800. In its second amended complaint, appellant alleged its obligation to the estate for the balance of the note had been assumed by Industrial Medicine Publishing Co., Inc. and personally guaranteed by appellee as manifested in a promissory note for $13,800 executed on June 10, 1970. Appellant contends that through a letter sent to its attorney dated June 10, 1970, appellee personally and individually guaranteed to assume appellant’s obligation. Appellee denied appellant’s allegations and asserted that the June 10 letter referred to a different promissory note executed on June 10, 1970 in the principal amount of $11,200 for which final judgment has been entered against appellee and others on November 8, 1971 by Circuit Court Judge Balaban.
The evidence fails to establish that Murray Sanders was personally liable on the $13,800 note. The letter of June 10, 1970 upon which appellant relies cannot bind appellee because the attorney who wrote the letter stated in his affidavit that he never represented Murray Sanders, he was not the agent for Murray Sanders when he wrote the subject letter, and that the letter referred to the June 10, 1970 note for $11,200 which is not the note that is the subject of this lawsuit. An attorney has no power to act for another as legal representative or counsel by virtue of his license alone. He must have a contract of employment, express or implied, with the party for whom he purports to act or someone authorized to represent that party. 3 Fla.Attorneys at Law § 25 (1955).
Assuming arguendo that appellee’s note for $13,800 was valid . . . under F.S. § 673.603(2), F.S.A. payment or satisfaction of an instrument may be made or *94 given by any person, including one who is a stranger to the instrument, with the consent of the holder. A review of the record on appeal does not show that the holder consented to this substituted payment. Further, the record does not reflect that the note was ever delivered to the holder nor was any payment under the note made or received.
The summary judgment entered dismissing appellee from the suit was proper because no genuine issue as to any material fact exists. The judgment herein appealed is, therefore, affirmed.
Affirmed.