PER CURIAM.
This case involved complicated factual and legal issues which need not be outlined here. Upon review of the record and briefs and after hearing oral argument, we have concluded that the trial court correctly ruled that the lease agreement was sufficiently ambiguous to permit the introduction of parol evidence to aid in its interpretation. Furthermore, the evidence supports the court’s conclusion that paragraph 22(c) should not be read to limit the application of both paragraphs 22(a) and 22(b) to those occasions in which there has been a substantial change in use or improvements on the land. However, there was no basis for the court to strike paragraph 22(c) in its entirety. Accordingly, paragraph 22(c) is modified to read as follows:
(c) The amount of the rentals due as determined by the alternate provision as set forth in paragraph 22(b) shall only be used if and in the event of a substantial change in use or improvements on the land.
The lease agreement as modified comports with reason and common sense and more nearly reflects the intentions of the parties at the time the lease was entered into.
Otherwise, the final judgment is AFFIRMED AS MODIFIED.
GRIMES, C. J., and BOARDMAN and RYDER, JJ., concur.