379 So.2d 384 (1980)
JOHN STEPP, INC., Appellant,
v.
FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF MIAMI, Charles J. Kedl, Jr., and Elena A. Kedl, His Wife, et al., Appellees.
No. 78-414.
District Court of Appeal of Florida, Fourth District.
January 4, 1980.
Rehearings Denied February 26, 1980.
*385 Harry G. Carratt, of Morgan, Carratt & O'Connor, P.A., Fort Lauderdale, and Grimditch, Bentz, Witte & Wunker, Pompano Beach, for appellant.
Phillip G. Newcomm, of Shutts & Bowen, Miami, for appellee, J. Ervin Lewallen.
DOWNEY, Chief Judge.
The issue involved on this appeal is appellant's right to exercise an equity of redemption after a judicial sale but prior to confirmation thereof.
The Kedls owned a parcel of residential real estate upon which appellee, First Federal Savings and Loan Association, held a mortgage. When the Kedls failed to make the mortgage payments First Federal filed suit to foreclose. The Kedls defaulted; final judgment was entered; the property was sold on January 9, 1978, to Lewallen for $66,000 and a certificate of sale was issued on that date.
On January 6, 1978, appellant acquired title to the property by warranty deed from the Kedls and recorded said deed on January 9, 1978, after the judicial sale of the property was concluded. On January 16, 1978, Charles C. Hibbs, president of appellant, paid into the Registry of the Court $55,800.35, the amount required to redeem the property. Simultaneously, Hibbs filed a motion for redemption signed by the Kedls. The motion was signed by the Kedls because the deputy clerk advised Hibbs that the motion should bear the Kedls' names since they were the defendant-mortgagors. On January 20, 1978, four days after the motion for redemption was filed, Lewallen filed a motion to confirm the sale. Several notices of hearing on this motion for confirmation were given to the Kedls but they refused to appear in support of the motion. No notice was given to appellant or Hibbs because their names did not appear on any pleadings.
On February 9, 1978, the trial court entered an order confirming the sale. On February 16, 1978, appellant learned of the confirmation and immediately filed motions for rehearing and for leave to intervene, which were denied. Said motions alleged that appellant had purchased the property from the Kedls on January 6, 1978, and received a Warranty Deed therefor; that negotiations had taken place with the mortgagee for appellant to reinstate the mortgage, but insufficient time to examine the title indicated the better procedure was to redeem the property by paying the entire mortgage; that on January 16, 1978, appellant's president had tendered into the Registry of the Court the sum of $55,800.35 and *386 filed a motion for redemption of the property signed by the Kedls because the deputy clerk had advised them that was the way to handle it; that it was not until February 16, 1978, that appellant learned of the confirmation of the sale or any other proceedings connected therewith.
Essentially the trial court held that the deposit into the Court Registry made by Hibbs was made by a stranger to the proceeding; that no payment had been made by the defendants-Kedls, and that the motion for redemption "constitutes a subversion of the sale procedure authorized by statute, and in reality, is an unlawful attempt to benefit other than the defendants."
It was conceded at oral argument that the real party in interest on this appeal is Lewallen, and he makes a very persuasive argument in support of the trial court's decision. The contention is that Lewallen must prevail because he relied upon the record title which gave only the Kedls the right to redeem; the Kedls did not pay the redemption price; did not pursue their motion for redemption and thus the trial court cannot be faulted for confirming the sale. While conceding the logic and technical nicety of appellees' position, we feel it favors form over substance and fails to recognize that the law favors redemption by anyone who has an interest in the mortgaged premises who would be a loser by foreclosure. Dundee Naval Stores Co. v. McDowell, 65 Fla. 15, 61 So. 108 (1913); 22 Fla.Jur., Mortgages, § 406.
Although at the time of the order of confirmation the trial court did not have all of the pertinent information before him, he did so when he ruled upon appellant's motions for rehearing and for intervention. At that point the court was apprised of the fact that within the time allowed by law, i.e., anytime prior to an order of confirmation, appellant, through its president, Hibbs, had deposited the requisite amount of money for redemption into the Court Registry and that a timely motion for redemption had been filed, albeit signed by the Kedls. He was further advised that the Kedls signed this motion in compliance with the Clerk's specific instructions to Hibbs, appellant's agent.
We know that a mortgagor's equity of redemption is an estate in land;[1] that the right of redemption is an incident of all mortgages and cannot be extinguished except by due process of law;[2] and that the right belongs to the mortgagor and those claiming under or through him.[3] In Allstate Mortgage Corp. of Florida v. Strasser, 286 So.2d 201 (Fla. 1973), the court held that the right of redemption continues to exist until the foreclosure sale has been confirmed by the court, or if no objection, then until issuance of the certificate of title.
The actual facts of this case are that before the sale was confirmed the mortgagors, Kedls, conveyed their interest in the property to appellant. Appellant paid the redemption price into the Registry of the Court through its president. The appellant filed a motion for redemption, albeit signed by the Kedls as the Clerk directed. In substance, all things necessary to be done were completed prior to confirmation, coupled with the fact that Lewallen purchased the property knowing redemption by the Kedls or their grantee was always a possibility. Since appellant held legal title, it was no stranger to the property. In our view the real problem was created here by the motion for redemption's being filed in Kedls' name instead of the motion's being filed by appellant setting forth the ownership, payment of the money into Court Registry and request for redemption. Had this been before the court at the time of Lewallen's motion for confirmation, we feel the trial court would have been compelled to *387 deny confirmation. Further, the true factual situation having been presented to the court via the petition for rehearing, we feel the trial court erred in not granting rehearing and setting aside the order of confirmation.
Accordingly, we reverse the order denying appellant's petition for rehearing and remand the cause to the trial court with directions to grant the motion for redemption in favor of appellant.
REVERSED AND REMANDED, with directions.
LETTS and BERANEK, JJ., concur.
NOTES
[1] Hoffman v. Semet, 316 So.2d 649 (Fla. 4th DCA 1975).
[2] Quinn Plumbing Co. Inc. v. New Miami Shores Corp., 100 Fla. 413, 129 So. 690 (1930).
[3] Robbins v. Blanc, 105 Fla. 625, 142 So. 223 (1932).