KAPNER, LEWIS, Associate Judge.
This is an appeal from an order denying a motion to vacate a default and final judgment.
On May 2, 1978, Hollywood Federal Savings and Loan Association filed a complaint to foreclose on a promissory note and mortgage, alleging Mr. and Mrs. Maniscalco to be in default on 7 monthly payments. The note and deed gave the holder the option to accelerate the payments, and it exercised this option.
As a result of this complaint, plaintiff and defendants reached an agreement whereby defendants would come up with $2,500.00 immediately and would make payments of IV2 times the regular payments until the account was fully reinstated. Plaintiff’s attorney wrote defendants a confirmation letter which included the following statement:
If such payments are not regularly received, it is understood that the account will again be placed into foreclosure.
The payments were not regularly received, and, on December 30,1978, plaintiff’s attorney wrote defendants advising them that the “foreclosure suit will have to proceed.”
On January 22, 1979, plaintiff’s attorney again wrote defendants, acknowledging receipt of $4,000.00 and observing as follows:
If you will make payments of $750.00 per month as you indicated you would, it should not take too long to bring the account completely current for your escrow.
Defendants continued to fall in arrears and, finally, on May 7, 1979, plaintiff’s attorney wrote to defendants informing them of the arrearage and saying:
We have no alternative but to proceed with the foreclosure suit.
Contemporaneously with this letter, plaintiff’s attorney prepared and filed, on May 9th, a motion for default. Thereafter, on June 5, 1979, plaintiff’s attorney filed a motion for final judgment, along with an affidavit of proof dated June 4, 1979. The affidavit sets forth the following:
Before me . . . personally appeared John G. Primeau, who ... says that he knows of his own knowledge that the following facts are true:
1. That he is Vice-President of Hollywood Federal Savings and Loan Association, and is duly authorized to make this affidavit.
2. That Plaintiff is the owner and holder of that certain original promissory note... .

4. ... since the institution of this suit an agreement was entered into with the Defendants to make certain additional payments in addition to the regular monthly payments in order to reinstate the mortgage account. However, . . . Defendants have breached this agreement, and the mortgage account is delinquent commencing with the payments due January 14, 1979, and no payments have been received .. . and said note and mortgage are more than thirty days now in default. Plaintiff has heretofore and does now exercise its option to accelerate.
*455 A final judgment was entered and a foreclosure sale consummated. No notice of the motion for default, default, motion for final judgment, notice of sale, or the sale itself was ever served upon the appellants until August 13,1979. Upon learning of the sale defendants immediately filed a motion to vacate the default and final judgment. This motion was denied and defendants appeal.
Ordinarily a defendant who fails to properly respond to a complaint has no right to receive notice of a motion for default, or final judgment entered thereto. Zettler v. Ehrlich, 384 So.2d 928 (Fla. 3d DCA 1980); F.R.C.P. 1.500(b). In the instant case, however, the conduct of plaintiff was such as to mislead defendants, albeit unintentionally, into believing that it was initially unnecessary to file responsive pleadings. Plaintiff did not actively pursue its suit, but rather embarked upon a “wait and see” course of conduct. That is, plaintiff was willing to abide defendants’ continued delinquencies thereby misleading defendants into believing that late payments were still acceptable. Also, the alleged delinquency sued upon in the initial complaint had been cured by payments made pursuant to the subsequent agreements mentioned above. Under these circumstances, defendants were entitled to notice of their alleged defaults. Such notice was never given.
Furthermore, allowing plaintiff to foreclose upon the defendants’ property herein deprived defendants of their equity of redemption. We recognize the right of a mortgagor to redeem as an incident of every mortgage which cannot be extinguished except by due process of law. John Stepp, Inc. v. First Federal Savings and Loan Association of Miami, 379 So.2d 384 (Fla. 4th DCA 1980); Quinn Plumbing Co. v. New Miami Shores Corp., 100 Fla. 413, 129 So. 690 (1930). Entering a default and final judgment, along with sale of the property after extensive misleading dealings between the parties, was a denial of due process and error. Rubenstein v. Richard Fidlin Corp., 346 So.2d 89 (Fla. 3d DCA 1977). If plaintiff wished to foreclose and accelerate the debt, an amendment to the pleadings was necessary under the circumstances of this case.
Accordingly, we reverse and remand to the trial court with directions to vacate the default and final judgment and set aside the sale.
REVERSED AND REMANDED WITH DIRECTIONS.
MOORE and BERANEK, JJ., concur.