687 So.2d 10 (1996)
Ahmad SAIDI, Appellant,
v.
Stanley J. WASKO and Eugene W. Wasko, et al., Appellees.
No. 96-551.
District Court of Appeal of Florida, Fifth District.
November 15, 1996.
Rehearing Denied February 7, 1997.
*11 Barbara A. Eagan of Arnold, Matheny & Eagan, P.A., Orlando, for Appellant.
Julia R. Law of Roberts & Law, P.A., Groveland, for Appellees.
W. SHARP, Judge.
Saidi appeals from an order which dismissed his objections to a judicial sale of his foreclosed property, and which denied his motion to exercise his right of redemption. The trial court relied upon Emanuel v. Bankers Trust Co., 655 So.2d 247 (Fla. 3d DCA 1995), rev. denied, 663 So.2d 629 (1995). We reverse because we find that Saidi timely sought to exercise his right of redemption and was prevented from doing so by the trial court's order. Emanuel is not controlling because in this case, the final judgment of foreclosure contained a paragraph which set a time for exercise of the right to redeem, which was later than the filing of the certificate of sale.
The record establishes that on October 31, 1995, the trial court rendered a final judgment of foreclosure in favor of the Waskos for $97,166.60. The judgment provided that if this amount was not paid, the property would be sold at a judicial sale on December 5, 1995. Saidi sought to have the judicial sale postponed to allow him time to marshal funds to pay the judgment. He was unsuccessful.
The property was sold on December 5, 1995, to the Waskos, and a certificate of sale was filed, that same day. Thereafter, on December 13, 1995, Saidi filed an objection to the sale, and a motion to exercise his right of redemption. On February 9, 1996, the court ruled there were no irregularities in the sale process, and it expressly denied Saidi's motion to redeem on the ground that it came too late. The certificate of title was filed on February 12, 1995.
The right of redemption is a valued and protected equitable right of the mortgagor to reclaim his estate in foreclosed property after it has been forfeited, at law, by paying the amount of the debt, interest and costs. CCC Properties Inc. v. Kane, 582 So.2d 159 (Fla. 4th DCA 1991). Former section 45.031 and current section 45.0315, which govern the right of redemption are in derogation of common law, and should be strictly construed. Allstate Mortgage Corp. of Fla. v. Strasser, 277 So.2d 843 (Fla. 3d DCA), affirmed, 286 So.2d 201 (Fla.1973).
Pursuant to former section 45.031, a mortgagor could exercise the right of redemption any time before the issuance of the certificate of title. Current section 45.0315 provides:

At any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment, order, or decree of foreclosure, the mortgagor or the holder of any subordinate interest may cure the mortgagor's indebtedness and prevent a foreclosure sale by paying the amount of moneys specified in the judgment, order, or decree of foreclosure... (emphasis supplied).
This section empowers a court to fix a time in the final judgment, before which the mortgagor must exercise his right of redemption or forfeit that right. If the judgment makes no such provision the right to redeem expires when the clerk files the certificate of sale. Bennett v. Ward, 667 So.2d 378 (Fla. 1st DCA 1995); Emanuel.
In this case, the final judgment of foreclosure contained paragraph eight, which provided:
On filing the certificate of title Defendants and all persons claiming under or against Defendants since the filing of the notice of lis pendens shall be foreclosed of all estate or claim in the property and the purchaser *12 at the sale shall be let into possession of the property.
These provisions, purporting to cut off the mortgagor's estate upon the filing of the certificate of title, appear to refer to the right of redemption.
A mortgagor's equity of redemption is considered to be an estate in land. John Stepp v. First Federal Savings and Loan Ass'n. of Miami, 379 So.2d 384 (Fla. 4th DCA 1980); Hoffman v. Semet, 316 So.2d 649 (Fla. 4th DCA 1975). To "foreclose" is defined as "to shut out, to bar, to terminate. Method of terminating mortgagor's right of redemption." Blacks Law Dictionary 581 (5th ed. 1979). Giving the words used in paragraph eight their common and ordinary meaning, they provide that the mortgagor's "estate" or equity of redemption in the property will be foreclosed (terminated) upon the filing of the certificate of title.
The Waskos argue that the judgment used in this case is a form approved by the Florida Supreme Court, and that this paragraph merely governs the time in which objections to the foreclosure sale must be made. However, the language used is far more encompassing than that. If ambiguous, it should not be construed against the equitable right of redemption. A revisiting of this particular form may be advisable, if this is not its intended meaning. Clear language could have extinguished the right of redemption in this case at the point provided in section 45.0315, but absent such language we must construe it strictly, as not having that effect.
We conclude that the provisions of paragraph eight had the effect of postponing the cutting off of Saidi's right of redemption until the certificate of title was filed. This case is distinguishable from Emanuel, because in that case the judgment was silent as to a different time than that provided by the statute, for cutting off redemption rights. Thus the earlier date provided by section 45.0315time of filing the certificate of sale by the clerk of the courtwas not applicable here.
A mortgagor need not obtain the trial court's permission in order to exercise a right of redemption. CCC Properties, Inc.; Cooper Smith Properties Ltd. v. Flower's Baking Co. of Fla. Inc., 432 So.2d 683 (Fla. 5th DCA), rev. dismissed, 438 So.2d 831 (Fla. 1983). The mortgagor should pay the amount due by tendering it to the mortgagee or to the clerk of the court. In this case we conclude the erroneous order of the trial court prevented Saidi from so exercising his right of redemption. On remand, the trial court should order that Saidi shall have a period of time no less than 15 days in which to exercise his right of redemption, after which the clerk may refile the certificate of title and extinguish Saidi's right to redeem the property. The sums necessary to redeem the property shall be the same as those established by the final judgment of foreclosure, October 31, 1995, and costs and interest through December 5, 1995.
REVERSED and REMANDED.
COBB and THOMPSON, JJ., concur.