770 So.2d 283 (2000)
DELUXE MOTEL, INC., Harish A. Patel, et al., Appellants,
v.
Natverlal K. PATEL and Kalavati Patel, Appellees.
No. 5D00-369.
District Court of Appeal of Florida, Fifth District.
November 3, 2000.
Shannon McLin Carlyle of Shannon McLin Carlyle, P.A., Leesburg, for Appellants.
Fred A. Morrison of McLin, Burnsed, Morrison, Johnson, Newman & Roy, P.A., Leesburg, for Appellees.
JOHNSON, C. T., Associate Judge.
In February 1993, Harish Patel and Harish Datutia (hereinafter referred to as the Buyers), purchased the Deluxe Motel from Natverlal and Kalavati Patel (hereinafter referred to as the Sellers). The sale price for the property was $415,000. The consideration for the purchase included: (1) a $15,000 unsecured promissory note which was scheduled to become due on or about March 2, 1996; and (2) a $315,000 promissory note which was secured by a mortgage on the motel property and called for installment payments over the course of 20 years.
In May 1996, the Sellers filed suit against the Buyers seeking enforcement of the sums due and owing on the promissory notes because timely payments had not been made on either. Count I of the complaint sought full payment of the $15,000 note which had come due, and Count II sought payment of the installments which had come due on the $315,000 note.
While the matter was pending in the circuit court, the Buyers continued to default on their obligation to pay installments on the $315,000 promissory note. As a result the Sellers eventually amended their complaint as to Count II, adding a claim to accelerate the balance due on the note and to foreclose on the mortgage.
In September 1997, on Seller's motion, the trial court entered summary final judgment in favor of the Sellers on both counts, foreclosing on the mortgage, awarding a money judgment on the unsecured promissory note and directed that the motel property be sold at public sale. The Buyers appealed the judgment.
Buyers sought no stay order and, on October 29, 1997, while the appeal was pending the Sellers purchased the property at public sale. On November 10, 1997, *284 after no attempt at redemption was undertaken by the Buyers, the clerk issued a Certificate of Title to the property to the Sellers.
On February 12, 1999, this court reversed the appealed judgment and remanded the matter to the trial court for further proceedings. See Deluxe Motel, Inc. v. Patel, 727 So.2d 299 (Fla. 5th DCA 1999). On remand, the Buyers did not affirmatively seek to vacate the public sale or the Certificate of Title, or to regain possession or ownership of the Deluxe Motel property.
Thereafter, the case went to trial. On January 14, 2000, the trial court entered a final judgment of foreclosure in favor of the Sellers, stating:
No public sale of the property is ordered because the [Sellers] have already taken over record ownership, and possession, of the property, and have made substantial improvements thereto, based on their successful bid at a previous foreclosure sale, the [Buyers] having neglected to seek a stay of that previous sale pending appeal, or an order restoring them to ownership and possession following reversal of the judgment on which that prior sale was based. Instead, [Buyers] shall have until January 7, 2000, to exercise their right to redeem the property by paying to the [Seller] the entire amount found due under the mortgage ... with interest through the date of payment.
The Buyers maintain that the trial court's foreclosure order must be reversed because mistakes in the order essentially denied them the right to exercise their right of redemption. More specifically, the Buyers cite to the fact that the foreclosure order, dated January 14, 2000, provided that the Buyers could redeem the property up until "January 7, 2000," arguing that as a result of this mistake in dates the Buyers' right to exercise their equity of redemption expired one week before the foreclosure order was even entered. The Buyers contend that this deprivation of a meaningful opportunity to exercise their right of redemption violated their due process rights. The Sellers respond by arguing that the trial court's foreclosure order should be affirmed because any error as to the dates involved constitutes harmless error in this case.
Because the right of redemption set forth in the final judgment expired before the judgment was signed, the Buyers' right to redeem was effectively precluded. A right to redeem is considered to be an estate in land, e.g. Saidi v. Wasko, 687 So.2d 10 (Fla. 5th DCA 1997), and is a valued right. The failure to provide it is not harmless error.
Accordingly, we must vacate that portion of the final judgment setting forth the erroneous redemption period. On remand the trial court shall amend the final judgment to provide that the buyers shall have a right to redeem within fifteen (15) days from the date of the amendment. See Saidi v. Wasko, supra at 12.
REVERSED and REMANDED.
HARRIS and GRIFFIN, JJ., concur.