919 So.2d 554 (2005)
VOSR INDUSTRIES, INC., and Florida Industries Investment Corporation, Appellants,
v.
MARTIN PROPERTIES, INC., Appellee.
Nos. 4D04-3817, 4D04-3885.
District Court of Appeal of Florida, Fourth District.
December 28, 2005.
Rehearing Denied February 16, 2006.
*555 Bart R. Valdes and David H. Simmons of de Beaubien, Knight, Simmons, Mantzaris & Neal, LLP., Orlando, for appellant VOSR.
William G. Osborne of William G. Osborne, P.A., Orlando, for appellant FIIC.
Jay Williams, Catherine M. Masters, and Neil Lloyd of Schiff, Hardin, LLP., Chicago, Illinois, for appellee.
FARMER, J.
We now have the third appeal arising from a foreclosure action brought in 1998. See Indian River Farms v. YBF Partners, 777 So.2d 1096 (Fla. 4th DCA 2001); Martin Properties, Inc. v. Florida Industries Investment Corp., 833 So.2d 825 (Fla. 4th DCA 2002). This time we settle issues relating to the exercise of the right of redemption and thereby hope that this litigation can come at long last to an end.
The relevant facts for the issue we face today center around attempts of the mortgagor to assign its right of redemption after the sale but before title had passed. During the foreclosure action, the mortgagor had entered into negotiations with Martin Properties, Inc. (MPI) in attempt to save the property. When it became obvious that the documentation and loan processing could not be completed in time, MPI is said to have agreed to buy the property at the judicial sale and convey it back to the mortgagor. MPI succeeded in becoming the buyer at the foreclosure sale, with a bid covering the sums due in the final judgment of foreclosure (approximately $1.6 million[1]). The Clerk issued a certificate of sale to MPI.
At that point, the mortgagor timely filed an objection to the sale. A few days after the objection had been clarified, the court entered an order denying the objection. Two days after the order overruling the objection was entered but before the issuance of a certificate of title, the mortgagor reached an agreement assigning its right of redemption to VOSR Industries, who then arranged for another entity[2] to tender on its behalf the full amount due under the final judgment of foreclosure. This other entity so tendered a check to the *556 Clerk in the late afternoon of the same day. The Clerk refused to accept the check and issued the certificate of title in the name of MPI.[3] VOSR promptly filed a motion asserting the foregoing details and sought an order setting aside the sale and confirming its exercise of the right of redemption.
On remand from the first appeal, the trial court determined that the successful bidder at the foreclosure sale had no standing to object to the claimed right of redemption. In the second appeal we reversed that decision and held that the buyer at the sale did indeed have standing to object. On remand from that appeal, the trial court found that the mortgagor could not assign its statutory right of redemption without also transferring title to the underlying property and that in exercising the right of redemption its purported assignee had not properly tendered the funds. We now reverse those determinations.
The mortgagor's privilege to redeem the property before a foreclosure sale becomes final is an old common law right. See Allstate Mortgage Corp. of Florida v. Strasser, 286 So.2d 201 (Fla. 1973) (common law right of redemption in mortgaged property continues until confirmation of sale). The Legislature has enacted two statutes touching on this right of redemption. Section 45.031 provides generally for judicial sales in foreclosure actions and states that the issuance of the certificate of title confirms the sale. Section 45.0315 enforces a statutory right of redemption, but it does not clearly state that it is intended to replace the common law. See Strasser, 286 So.2d at 202 (common law right of redemption in mortgaged property prevails over statutory right because statute does not clearly change common law); Saidi v. Wasko, 687 So.2d 10, 11 (Fla. 5th DCA 1996) (statute governing mortgagor's exercise of right of redemption, being in "derogation of common law[,]" is to be strictly construed). Neither statute purports to establish or change any law governing whether or how a mortgagor may transfer the right of redemption.
Florida has a strong public policy favoring the free right of transfer of interests in real property. See 22 FLA. JUR.2D, Estates Powers and Restraints, §§ 70-75 (right of alienation is an inseparable attribute of an estate in fee simple). The right of redemption is an innate feature of every mortgage. Quinn Plumbing Co. v. New Miami Shores Corp., 100 Fla. 413, 129 So. 690, 692 (1930). Equally important, Florida law recognizes the general right to assign common law and statutory rights, unless there is an express prohibition in a statute, or a showing that an assignment would clearly offend an identifiable public policy. See Forgione v. Dennis Pirtle Agency Inc., 701 So.2d 557, 559 (Fla.1997) (under Florida law parties can assign causes of action derived from a contract or a statute).
There is no statutory prohibition against an assignment of the right of redemption. Moreover, under the common law anyone claiming under the mortgagor could exercise such a right. Robbins v. Blanc, 105 Fla. 625, 142 So. 223, 225 (1932) (right of redemption belongs to those claiming under mortgagor). In this case, VOSR claimed the right of redemption by assignment from the mortgagor.
The buyer at the sale has not shown any good reason why we should *557 refuse to recognize the mortgagor's assignment of the right of redemption in this case. Nor has it shown any good reason why the assignee may not exercise that right through funds coming from still another party. So long as the funds are tendered on behalf of the assignee of the right of redemption, as here, and thereby placed unconditionally at the disposition of the Clerk, there is no good reason not to honor the redemption. The buyer argues that allowing redemption under the facts of this case threatens to diminish the pool of those interested in bidding at Clerk's sales, but the very persistence of the buyer in this much prolonged case demonstrates the failing in this argument.
We conclude that VOSR properly exercised this right of redemption by causing cleared funds to be tendered in its name to the Clerk. For the tender to be effective, VOSR was not required to tender a check from its own account or drawn in its own name. Cf. Southeast First Nat'l v. Taines, 339 So.2d 275, 276 (Fla. 3d DCA 1976) ("[P]ayment of an instrument may be made or given by any person including one who is a stranger with the consent of the holder.)" (citing Colonial Press of Miami, Inc. v. Sanders, 264 So.2d 92 (Fla. 3d DCA 1972)). The record establishes that the funds were tendered with the consent of the mortgagor and VOSR. There was no reason for the trial court to deny the effect of the redemption.
Reversed.
POLEN and TAYLOR, JJ., concur.
NOTES
[1] The record is filled with suggestions, assertions and speculations galore that the property is actually worth several million dollars more.
[2] Concord Development Corporation.
[3] We later vacated that certificate of title on the first appeal. Indian River Farms, 777 So.2d at 1100.