942 So.2d 425 (2006)
Eva M. SUDHOFF, Appellant,
v.
FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al., Appellee.
No. 5D05-3137.
District Court of Appeal of Florida, Fifth District.
October 20, 2006.
*426 Nicholas Weilhammer of The Sketchley Law Firm, P.A., Tallahassee, for Appellant.
Susan C. Minor and Marisa D. Ajmo, of Shapiro & Fishman, LLP, Boca Raton, for Appellee.
PER CURIAM.

ON MOTION FOR REHEARING
We grant rehearing, withdraw our earlier opinion and issue the following opinion in its stead.
Eva Marie Sudhoff ("Mrs. Sudhoff") appeals from the trial court's order denying her motions to intervene and set aside the judicial sale of her marital home. She argues that the judgment of foreclosure was void because she was not made a party to the suit and received no notice of the proceedings. Federal National Mortgage Association ("Fannie Mae") responds that her motions were untimely and that she was not a necessary party to the suit *427 because she did not sign the note and did not live in the home when Fannie Mae filed its complaint.
Mrs. Sudhoff's husband owned a parcel of property individually and wished to mortgage it. Apparently, because of its homestead status, Fannie Mae required Mrs. Sudhoff to join in the mortgage, although not the note. The mortgage defined the term "Borrower" as "John J. Sudhoff, a married man, joined by his wife, Eva Marie Sudhoff." The mortgage made clear that because Mrs. Sudhoff did not sign the note, she was not liable for the debt, but was pledging her interest in the subject property to secure the debt. The note and mortgage provided that the "Borrower" (presumably including Mrs. Sudhoff given her designation as such in the mortgage) could reinstate the mortgage in the event of a default, under certain circumstances. The agreement also prohibited either party from pursuing judicial action against the other, unless the complaining party provided notice and a reasonable period to take corrective action.
Several years later, Fannie Mae filed a complaint to foreclose the mortgage. Mrs. Sudhoff was not named a party. Rather, Fannie Mae named Mr. Sudhoff, JP Morgan Chase Bank (a junior lien holder), unknown parties in possession # 1 and # 2, and "all unknown parties claiming by, through, under and against the above named defendant(s) . . . whether said unknown parties may claim an interest as spouses, heirs, devisees, grantees, or other claimants." The complaint acknowledged that both Mr. and Mrs. Sudhoff had executed the mortgage.
Fannie Mae submitted an affidavit of diligent search, stating that personal service had been unsuccessful, and that, after inquiries to the postal service, mortgage service records, Florida telephone directories, and neighbors, it could not find Mr. Sudhoff. It alleged "a diligent search . . . was made to discover the residence and whereabouts of the Defendant(s) . . . and of the Defendant(s) spouse, if any," but the record reflects no attempt to locate or serve Mrs. Sudhoff. Later, on Fannie Mae's motion, the court granted summary judgment, awarded fees and costs, and ordered a sale of the property. After the sale was conducted, a certificate of sale and a certificate of title were filed.
Two weeks later, Mrs. Sudhoff filed a notice of lis pendens, moved to intervene, moved to vacate judgment of foreclosure, and moved to set aside the foreclosure sale. She alleged that she should have been a party because the litigation sought to sell her marital home. Mrs. Sudhoff claimed that although she and Mr. Sudhoff were estranged, she had left her forwarding address with the postal service. Fannie Mae opposed her motions, arguing that her objections were untimely. Fannie Mae also claimed that Mrs. Sudhoff did not have standing to object because she was not a party. After the trial court denied Mrs. Sudhoff's motions and dissolved the lis pendens, this appeal followed. We conclude that the court abused its discretion when it denied Mrs. Sudhoff's motion to intervene, and reverse.
Fannie Mae argues that Mrs. Sudhoff was neither an indispensable nor proper party to the foreclosure proceeding. Mrs. Sudhoff contends her interest in her marital property was extinguished without due process. Indispensable parties are necessary parties so essential to a suit that no final decision can be rendered without their joinder. This is in contrast to other necessary parties, who have an interest in a suit and ought to be made parties, but who do not have to be joined before a final decision may be rendered. A final decision will bind those parties joined in the *428 suit, but will have no effect on the rights of necessary but unjoined parties. Alger v. Peters, 88 So.2d 903, 908 (Fla.1956); see also Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 118-25, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968); Hertz Corp. v. Piccolo, 453 So.2d 12, 14 n. 3 (Fla.1984); 17 Fla. Jur.2d Parties § 7 (1982). Measured thereby, we conclude that Mrs. Sudhoff was, at the least, a necessary party who had a sufficient stake in the outcome to permit her to intervene and seek whatever relief might be available to her.
Fannie Mae's failure to join Mrs. Sudhoff deprived her of her equity of redemption. The right of redemption is the mortgagor's valued and protected equitable right to reclaim her estate in foreclosed property. Deluxe Motel, Inc. v. Patel, 770 So.2d 283, 284 (Fla. 5th DCA 2000); Saidi v. Wasko, 687 So.2d 10, 11 (Fla. 5th DCA 1996); see Action Realty & Invs., Inc. v. Grandison, 930 So.2d 674, 676 (Fla. 4th DCA 2006); Indian River Farms v. YBF Partners, 777 So.2d 1096, 1099 (Fla. 4th DCA 2001). This equity of redemption is an estate in land. Deluxe Motel, Inc., 770 So.2d at 284; Saidi, 687 So.2d at 12; Indian River Farms, 777 So.2d at 1099; John Stepp, Inc. v. First Fed. Sav. & Loan Ass'n of Miami, 379 So.2d 384, 386 (Fla. 4th DCA 1980). "[T]he right of redemption is an incident of all mortgages and cannot be extinguished except by due process of law." See Indian River Farms, 777 So.2d at 1099; John Stepp, Inc., 379 So.2d at 386; see also VOSR Indus., Inc. v. Martin Props., Inc., 919 So.2d 554, 556 (Fla. 4th DCA 2005) (noting that "[t]he right of redemption is an innate feature of every mortgage"). The trial court incorrectly allowed Fannie Mae to foreclose on the property, depriving Mrs. Sudhoff of her equity of redemption. See Maniscalco v. Hollywood Fed. Sav. & Loan Ass'n, 397 So.2d 453, 455 (Fla. 4th DCA 1981) (reversing with direction to vacate default and final judgment and to set aside the sale).
Fannie Mae claims "[t]he law is well established that a mortgagor who does not hold an ownership interest in the property . . . is neither a necessary nor proper party to a foreclosure suit, unless a deficiency decree is sought." The cases it cites do not stand for this proposition. Rather, they hold that mortgagors who "have conveyed all their rights and interests in and to the mortgaged property to other parties . . . [are not] necessary . . . parties to a suit to foreclose unless a deficiency decree is sought." Dennis v. Ivey, 134 Fla. 181, 185, 183 So.2d 624 (1938); see also South Palm Beach Invs., Inc. v. Regatta Trading Ltd., 789 So.2d 396 (Fla. 4th DCA 2001) (affirming where appellants "had previously conveyed all their rights and interests in the property to the owner"); Mitchell v. Fed. Nat'l Mortgage Ass'n, 763 So.2d 358, 358-59 (Fla. 4th DCA 1998) (affirming where appellant had conveyed by warranty deed his rights and interests in the property to his daughter); 55 Am.Jur.2d Mortgages § 1268 (2005) (stating that a mortgagor is not a necessary party to foreclosure if she no longer retains the equity of redemption). Here, Fannie Mae did not allege that Mrs. Sudhoff had assigned her right to redemption, and the record indicates that she has not.[1] Consequently, we conclude that Mrs. Sudhoff was a necessary party. Because she was a necessary party to the foreclosure, and her equity of redemption was extinguished without due process, the *429 court abused its discretion by denying her motion to intervene and to be heard on her motion to set aside the sale and vacate the judgment of foreclosure.
We do not, however, conclude that the foreclosure proceedings are void as against Mr. Sudhoff and the junior lien holder. "Florida has numerous decisions holding that a foreclosure suit may be maintained even though the holder of the legal title to the property is not a party to the foreclosure, but that the decree only establishes the rights of persons who are parties." Pan Am. Bank of Miami v. City of Miami Beach, 198 So.2d 45, 47 (Fla. 3d DCA 1967). One commentator put it thusly:
No Florida case has been found that holds void or ineffective a decree of foreclosure with respect to those who were parties; it is effective as to them, although ineffective as to those who were absent. . . . Thus, when a number of persons have interests in a parcel of land, the foreclosure of a mortgage upon that land affects the interests on only such persons as were made parties to the foreclosure proceeding. An owner of an interest in the land will have that interest terminated by foreclosure against him, but one not made a party to the proceeding is not affected by it.
In a general sense, therefore, although the effectiveness of the decree is diminished if there is less than full joinder, it is understandable that courts allow the plaintiff-mortgagee to proceed without full joinder and affirm the "incomplete decree." . . . The decree's effectiveness may be limited by incomplete joinder, but it will have some effect, presumably that effect desired by the mortgagee. Neither those who are parties nor those who are absent are prejudiced by non-joinder. The possibility of further litigation alone is not sufficient to require complete joinder. The party most interested in the matter can, and usually will, accomplish complete joinder.
Jeffrey E. Lewis, Mandatory Joinder of Parties in Civil Proceedings: The Case for Analytical Pragmatism, 26 U. Fla. L.Rev. 381, 423-24 (Spring 1974).
If the property was homestead, except as permitted by the constitution, it was exempt from forced sale, and the ability to convey the property or devise it by will was similarly limited. Clearly, too, Mrs. Sudhoff had a right of redemption in the property by virtue of the mortgage agreement.[2] Assuming that Mrs. Sudhoff has any rights in the subject property, those rights could not be adversely affected by the judgment, due to her omission from the suit. Of course, we are not in a position to determine what rights, if any, she has in the property. However, it appears that at the time the mortgage was executed, the property was the Sudhoffs' homestead. Whether it lost that homestead status is unknown.
The judgment, so far as it goes, was effective in foreclosing Mr. Sudhoff's interest in the property, as well as that of the junior lien holder. However, for the reasons stated, it was ineffective as to Mrs. Sudhoff. We do not know whether Mrs. *430 Sudhoff can ultimately prevail on her claim. We do conclude, however, that she should have been allowed to intervene in the proceedings to protect any interests she has in the property.
Accordingly, we reverse the trial court's order denying Mrs. Sudhoff's motion to intervene and remand this matter for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
GRIFFIN and ORFINGER, JJ., concur.
THOMPSON, J., dissents, with opinion.
THOMPSON, J., Dissenting.
I respectfully dissent. I would deny the motion for rehearing because I believe that the judgment of foreclosure and judicial sale should be set aside.
Our recognition that Ms. Sudhoff's right to redemption was denied without due process is difficult to square with allowing to stand either (1) a foreclosure judgment that purports to extinguish all persons' rights of redemption or (2) the judicial sale after which the mortgagor's right to redemption expires. The majority correctly notes that Burns v. Bankamerica National Trust Co., 719 So.2d 999, 1001 (Fla. 5th DCA 1998), is factually distinguishable. Nevertheless, I believe that, "once the certificate [of title] is issued, redemption is precluded, even if the party asserting the right was not made a party to the foreclosure proceedings." Id. The final judgment of foreclosure provided: "The sale shall be held in accordance with § 45.031 Fla. Stat. (1995), and upon the Clerk filing the Certificate of Sale, all persons shall be forever barred and foreclosed of any and all equity or right of redemption in and to the above property." The property was sold and the certificate of sale was filed on 8 July 2005.
Section 45.0315, Florida Statutes (1995), provided:
At any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment, order, or decree of foreclosure, the mortgagor or the holder of any subordinate interest may cure the mortgagor's indebtedness and prevent a foreclosure sale by paying the amount of moneys specified in the judgment, order, or decree of foreclosure, or if no judgment, order, or decree of foreclosure has been rendered, by tendering the performance due under the security agreement, including any amounts due because of the exercise of a right to accelerate, plus the reasonable expenses of proceeding to foreclosure incurred to the time of tender, including reasonable attorney's fees of the creditor. Otherwise, there is no right of redemption.

(Emphasis added.)
"[T]he statute . . . require[s] redemption prior to the issuance of the certificate of sale, unless a different redemption cut-off is specified by the judge in the judgment of foreclosure. If the judgment makes no such provision, the right to redeem expires when the clerk files the certificate of sale." Mark S. Dennison, Sufficiency of Manner and Timeliness of Redemption of Real Estate Contract from Foreclosure, 66 Am. Jur. Proof of Facts 3d 267 § 4 (2006) (footnote omitted). The mortgagor should not delay in exercising her right of redemption because that right "expires when the clerk files the certificate of sale, unless the judgment of foreclosure makes some provision to the contrary, and the statute requires the certificate of sale to be filed promptly after the sale is conducted." 33 Fla. Jur.2d Judicial Sales § 43 (2006).
If we recognize that Ms. Sudhoff was entitled to her equity of redemption, "an incident of every mortgage which cannot *431 be extinguished except by due process of law,"[1] neither the foreclosure judgment purporting to extinguish all rights of redemption nor the judicial sale that by statute extinguishes redemption rights should be left intact.
The majority also notes the rule that the foreclosure decree establishes the rights of persons who are parties. This is generally true, but I think that holding the foreclosure judgment binding as to Mr. Sudhoff is premature. The record is unclear, but the judgment against Mr. Sudhoff may be voidable or void based upon the significant possibility that FNMA could not show the diligent search and inquiry necessary to justify constructive service.
The record indicates that FNMA twice attempted personal service on Mr. Sudhoff, and the majority opinion relates the facts relating to FNMA's affidavit of diligent search, including its claim of diligent search and inquiry of the residence and whereabouts of Mr. Sudhoff's spouse. Despite its acknowledgment that the Sudhoffs were married and together mortgaged the property, the record reflects no attempt to contact Ms. Sudhoff. This is troublesome because she claims she left her forwarding address with the postal service and, in light of the Sudhoffs' pending dissolution proceeding in Duval County, may well have been able to provide FNMA with information to enable personal service on Mr. Sudhoff. At this point, I am not sure that FNMA could have shown that, after diligent search, personal service could not be had.
FNMA's affidavit of diligent search is facially sufficient. However, had its constructive service been challenged, it would have been the trial court's duty to determine whether FNMA actually conducted an adequate search: "whether [it] reasonably employed the knowledge at his command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstance to acquire the information necessary to enable him to effect personal service on the defendant." Shepheard v. Deutsche Bank Trust Co. Ams., 922 So.2d 340, 343-44 (Fla. 5th DCA 2006) (quoting Demars v. Village of Sandalwood Lakes Homeowners Ass'n, 625 So.2d 1219, 1224 (Fla. 4th DCA 1993)). "Courts routinely hold that `proof of a few attempts at service of process are insufficient to prove diligent search.'" Id. at 344 (quoting Demars, 625 So.2d at 1221 (holding that two attempts at service of process did not show diligent search)). More important, it appears possible that FNMA did not follow a lead likely to reveal Mr. Sudhoff's location. "A diligent search for a defendant's whereabouts requires inquiry of persons likely or presumed to know the defendant's location." Id. (citing Dor Cha, Inc., v. Hollingsworth, 876 So.2d 678, 680 (Fla. 4th DCA 2004)). Its failure to inquire of Ms. Sudhoff, the wife and co-mortgagor who allegedly left her forwarding address with the post office, may demonstrate a lack of "conscientious effort . . . to acquire the information necessary to accomplish personal service on the persons holding title or having possession of the mortgaged property so as to provide them with notice of the proceedings." Id. (quoting Floyd v. Federal Nat. Mortg. Ass'n, 704 So.2d 1110, 1112 (Fla. 5th DCA 1998)).
A judgment against a defendant based upon improper service by publication lacks authority of law. Such improper service renders the judgment either void or voidable. The judgment is void where the service of process is so defective *432 that it amounts to no notice of the proceedings. The judgment is voidable if the irregular or defective service actually gives notice of the proceedings.
Id. (citations omitted).
Here, we cannot determine whether the judgment as to Mr. Sudhoff was void, voidable, or neither based on FNMA's constructive service. See, e.g., Godsell v. United Guaranty Residential Ins., 923 So.2d 1209, 1214-15 (Fla. 5th DCA 2006); Shepheard, 922 So.2d at 345; Floyd, 704 So.2d at 1112. This issue was previously irrelevant because the withdrawn opinion required FNMA to commence proper foreclosure proceedings. In contrast, the majority opinion now appears to prevent Mr. Sudhoff from challenging the possibly defective constructive service.
Such a holding is unnecessary. Consider Montero v. Duval Federal Savings and Loan Association of Jacksonville, 581 So.2d 938 (Fla. 4th DCA 1991). There, the court considered the denial of motions to quash service of process and vacate judgment of foreclosure. Montero, 581 So.2d at 938. The motion was brought by the wife who, with her estranged husband, owned the property at issue. Id. at 939. She was a party to the suit, but was improperly served. Id. As a result, the appellate court held that the judgment of foreclosure was void and ordered that the trial court vacate the judgment of foreclosure, certificate of sale, and certificate of title. Id. at 940. Like this court in its previous opinion, the Fourth District did so without a caveat addressing the effect of its holding on the husband. If the foreclosure judgment was void where the wife received improper substitute service, it should certainly be deemed void where she was never joined in the action in the first place. While Montero differs from this case in that the wife was a party, the effect of the previous opinion and Montero on the husbands' interests was the same.
Finally, I am concerned about creating incentives for sloppy or non-existent service of process. The previous opinion broke no new ground by holding that a mortgagor is a necessary party unless she has assigned all interests in the property and no deficiency is sought, and that the judicial sale and foreclosure judgment must be set aside where FNMA did not comply with well-settled law governing foreclosure. In contrast, after granting FNMA's motion for rehearing, we have ratified FNMA's potentially insufficient constructive service on Mr. Sudhoff. We reverse the order denying Ms. Sudhoff's motion to intervene, but appear to leave open the question of whether she can prevail against the foreclosure judgment and judicial sale, despite FNMA's unilateral refusal to provide her the notice to which she was entitled by contract and caselaw. We give our imprimatur to FNMA's decision, by excluding Ms. Sudhoff from foreclosure proceedings, to effectively treat Florida's requirement that a spouse join in the alienation of homestead property as an empty formality.
FNMA suggested that the previous opinion created "a new right of redemption and a property ownership interest where none previously existed." But the opinion did not delve into Ms. Sudhoff's ownership interests, whatever they may be.[2] Rather, the opinion addressed only the equity of redemption; not a "new equity," but that explicitly provided for Ms. Sudhoff in the mortgage document. The previous opinion warned mortgagees to conduct proper foreclosure proceedings that do not violate due process. In contrast, I am concerned *433 that this opinion may encourage insufficient service of process such as that here. For these reasons, I would deny the motion for rehearing.
NOTES
[1] The right of redemption is assignable. See, e.g., VOSR Indus. v. Martin Props., 919 So.2d 554, 556 (Fla. 4th DCA 2005).
[2] We are mindful that in Burns v. Bankamerica National Trust Co., 719 So.2d 999, 1001 (Fla. 5th DCA 1998), we stated:

[O]nce the certificate [of title] is issued, redemption is precluded, even if the party asserting the right was not made a party to the foreclosure proceedings.
That case is distinguishable on its facts. There, unlike the instant case, the appellants, as lessees of the property, could only redeem the property under or through the original mortgagor's rights. They had no independent right to redemption. Here, Mrs. Sudhoff has an independent contractual right of redemption.
[1] E.g., Maniscalco v. Hollywood Fed. Sav. & Loan Ass'n, 397 So.2d 453, 455 (Fla. 4th DCA 1981).
[2] I agree with the majority that the issues of marital property, homestead, or abandonment of homestead are appropriately left for proceedings in which Ms. Sudhoff is a party.