PER CURIAM.

ON MOTION FOR REHEARING

We grant rehearing, withdraw our earlier opinion and issue the following opinion in its stead.
Eva Marie Sudhoff (“Mrs. Sudhoff’) appeals from the trial court’s order denying her motions to intervene and set aside the judicial sale of her marital home. She argues that the judgment of foreclosure was void because she was not made a party to the suit and received no notice of the proceedings. Federal National Mortgage Association (“Fannie Mae”) responds that her motions were untimely and that she was not a necessary party to the suit *427 because she did not sign the note and did not live in the home when Fannie Mae filed its complaint.
Mrs. Sudhoff s husband owned a parcel of property individually and wished to mortgage it. Apparently, because of its homestead status, Fannie Mae required Mrs. Sudhoff to join in the mortgage, although not the note. The mortgage defined the term “Borrower” as “John J. Sudhoff, a married man, joined by his wife, Eva Marie Sudhoff.” The mortgage made clear that because Mrs. Sudhoff did not sign the note, she was not liable for the debt, but was pledging her interest in the subject property to secure the debt. The note and mortgage provided that the “Borrower” (presumably including Mrs. Sudhoff given her designation as such in the mortgage) could reinstate the mortgage in the event of a default, under certain circumstances. The agreement also prohibited either party from pursuing judicial action against the other, unless the complaining party provided notice and a reasonable period to take corrective action.
Several years later, Fannie Mae filed a complaint to foreclose the mortgage. Mrs. Sudhoff was not named a party. Rather, Fannie Mae named Mr. Sudhoff, JP Morgan Chase Bank (a junior lien holder), unknown parties in possession # 1 and # 2, and “all unknown parties claiming by, through, under and against the above named defendant(s) ... whether said unknown parties may claim an interest as spouses, heirs, devisees, grantees, or other claimants.” The complaint acknowledged that both Mr. and Mrs. Sudhoff had executed the mortgage.
Fannie Mae submitted an affidavit of diligent search, stating that personal service had been unsuccessful, and that, after inquiries to the postal service, mortgage service records, Florida telephone directories, and neighbors, it could not find Mr. Sudhoff. It alleged “a diligent search ... was made to discover the residence and whereabouts of the Defendant(s) ... and of the Defendant(s) spouse, if any,” but the record reflects no attempt to locate or serve Mrs. Sudhoff. Later, on Fannie Mae’s motion, the court granted summary judgment, awarded fees and costs, and ordered a sale of the property. After the sale was conducted, a certificate of sale and a certificate of title were filed.
Two weeks later, Mrs. Sudhoff filed a notice of lis pendens, moved to intervene, moved to vacate judgment of foreclosure, and moved to set aside the foreclosure sale. She alleged that she should have been a party because the litigation sought to sell her marital home. Mrs. Sudhoff claimed that although she and Mr. Sudhoff were estranged, she had left her forwarding address with the postal service. Fannie Mae opposed her motions, arguing that her objections were untimely. Fannie Mae also claimed that Mrs. Sudhoff did not have standing to object because she was not a party. After the trial court denied Mrs. Sudhoffs motions and dissolved the lis pendens, this appeal followed. We conclude that the court abused its discretion when it denied Mrs. Su-dhoffs motion to intervene, and reverse.
Fannie Mae argues that Mrs. Su-dhoff was neither an indispensable nor proper party to the foreclosure proceeding. Mrs. Sudhoff contends her interest in her marital property was extinguished without due process. Indispensable parties are necessary parties so essential to a suit that no final decision can be rendered without their joinder. This is in contrast to other necessary parties, who have an interest in a suit and ought to be made parties, but who do not have to be joined before a final decision may be rendered. A final decision will bind those parties joined in the *428 suit, but will have no effect on the rights of necessary but unjoined parties. Alger v. Peters, 88 So.2d 903, 908 (Fla.1956); see also Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 118-25, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968); Hertz Corp. v. Piccolo, 453 So.2d 12, 14 n. 3 (Fla.1984); 17 Fla. Jur.2d Parties § 7 (1982). Measured thereby, we conclude that Mrs. Sudhoff was, at the least, a necessary party who had a sufficient stake in the outcome to permit her to intervene and seek whatever relief might be available to her.
Fannie Mae’s failure to join Mrs. Sudhoff deprived her of her equity of redemption. The right of redemption is the mortgagor’s valued and protected equitable right to reclaim her estate in foreclosed property. Deluxe Motel, Inc. v. Patel, 770 So.2d 283, 284 (Fla. 5th DCA 2000); Saidi v. Wasko, 687 So.2d 10, 11 (Fla. 5th DCA 1996); see Action Realty & Invs., Inc. v. Grandison, 930 So.2d 674, 676 (Fla. 4th DCA 2006); Indian River Farms v. YBF Partners, 777 So.2d 1096, 1099 (Fla. 4th DCA 2001). This equity of redemption is an estate in land. Deluxe Motel, Inc., 770 So.2d at 284; Saidi, 687 So.2d at 12; Indian River Farms, 777 So.2d at 1099; John Stepp, Inc. v. First Fed. Sav. & Loan Ass’n of Miami 379 So.2d 384, 386 (Fla. 4th DCA 1980). “[T]he right of redemption is an incident of all mortgages and cannot be extinguished except by due process of law.” See Indian River Farms, 777 So.2d at 1099; John Stepp, Inc., 379 So.2d at 386; see also VOSR Indus., Inc. v. Martin Props., Inc., 919 So.2d 554, 556 (Fla. 4th DCA 2005) (noting that “[t]he right of redemption is an innate feature of every mortgage”). The trial court incorrectly allowed Fannie Mae to foreclose on the property, depriving Mrs. Sudhoff of her equity of redemption. See Maniscalco v. Hollywood Fed. Sav. & Loan Ass’n, 397 So.2d 453, 455 (Fla. 4th DCA 1981) (reversing with direction to vacate default and final judgment and to set aside the sale).
Fannie Mae claims “[t]he law is well established that a mortgagor who does not hold an ownership interest in the property ... is neither a necessary nor proper party to a foreclosure suit, unless a deficiency decree is sought.” The cases it cites do not stand for this proposition. Rather, they hold that mortgagors who “have conveyed all their rights and interests in and to the mortgaged property to other parties ... [are not] necessary ... parties to a suit to foreclose unless a deficiency decree is sought.” Dennis v. Ivey, 134 Fla. 181, 185, 183 So. 624 (1938); see also South Palm Beach Invs., Inc. v. Regatta Trading Ltd., 789 So.2d 396 (Fla. 4th DCA 2001) (affirming where appellants “had previously conveyed all their rights and interests in the property to the owner”); Mitchell v. Fed. Nat’l Mortgage Ass’n, 763 So.2d 358, 358-59 (Fla. 4th DCA 1998) (affirming where appellant had conveyed by warranty deed his rights and interests in the property to his daughter); 55 Am.Jur.2d Mortgages § 1268 (2005) (stating that a mortgagor is not a necessary party to foreclosure if she no longer retains the equity of redemption). Here, Fannie Mae did not allege that Mrs. Sudhoff had assigned her right to redemption, and the record indicates that she has not.[1] Consequently, we conclude that Mrs. Sudhoff was a necessary party. Because she was a necessary party to the foreclosure, and her equity of redemption was extinguished without due process, the *429 court abused its discretion by denying her motion to intervene and to be heard on her motion to set aside the sale and vacate the judgment of foreclosure.
We do not, however, conclude that the foreclosure proceedings are void as against Mr. Sudhoff and the junior lien holder. “Florida has numerous decisions holding that a foreclosure suit may be maintained even though the holder of the legal title to the property is not a party to the foreclosure, but that the decree only establishes the rights of persons who are parties.” Pan Am. Bank of Miami v. City of Miami Beach, 198 So.2d 45, 47 (Fla. 3d DCA 1967). One commentator put it thusty:
No Florida case has been found that holds void or ineffective a decree of foreclosure with respect to those who were parties; it is effective as to them, although ineffective as to those who were absent.... Thus, when a number of persons have interests in a parcel of land, the foreclosure of a mortgage upon that land affects the interests on only such persons as were made parties to the foreclosure proceeding. An owner of an interest in the land will have that interest terminated by foreclosure against him, but one not made a party to the proceeding is not affected by it.
In a general sense, therefore, although the effectiveness of the decree is diminished if there is less than full joinder, it is understandable that courts allow the plaintiff-mortgagee to proceed without full joinder and affirm the “incomplete decree.” ... The decree’s effectiveness may be limited by incomplete joinder, but it will have some effect, presumably that effect desired by the mortgagee. Neither those who are parties nor those who are absent are prejudiced by non-joinder. The possibility of further litigation alone is not sufficient to require complete joinder. The party most interested in the matter can, and usually will, accomplish complete joinder.
Jeffrey E. Lewis, Mandatory Joinder of Parties in Civil Proceedings: The Case for Analytical Pragmatism, 26 U. Fla. L.Rev. 381, 423-24 (Spring 1974).
If the property was homestead, except as permitted by the constitution, it was exempt from forced sale, and the ability to convey the property or devise it by will was similarly limited. Clearly, too, Mrs. Sudhoff had a right of redemption in the property by virtue of the mortgage agreement.[2] Assuming that Mrs. Sudhoff has any rights in the subject property, those rights could not be adversely affected by the judgment, due to her omission from the suit. Of course, we are not in a position to determine what rights, if any, she has in the property. However, it appears that at the time the mortgage was executed, the property was the Sudhoffs’ homestead. Whether it lost that homestead status is unknown.
The judgment, so far as it goes, was effective in foreclosing Mr. Sudhoffs interest in the property, as well as that of the junior lien holder. However, for the reasons stated, it was ineffective as to Mrs. Sudhoff. We do not know whether Mrs. *430 Sudhoff can ultimately prevail on her claim. We do conclude, however, that she should have been allowed to intervene in the proceedings to protect any interests she has in the property.
Accordingly, we reverse the trial court’s order denying Mrs. Sudhoffs motion to intervene and remand this matter for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
GRIFFIN and ORFINGER, JJ„ concur.
THOMPSON, J., dissents, with opinion.

. The right of redemption is assignable. See, e.g., VOSR Indus. v. Martin Props., 919 So.2d 554, 556 (Fla. 4th DCA 2005).

. We are mindful that in Burns v. Bankamerica National Trust Co., 719 So.2d 999, 1001 (Fla. 5th DCA 1998), we stated:
[0]nce the certificate [of title] is issued, redemption is precluded, even if the party asserting the right was not made a party to the foreclosure proceedings.
That case is distinguishable on its facts. There, unlike the instant case, the appellants, as lessees of the property, could only redeem the property under or through the original mortgagor's rights. They had no independent right to redemption. Here, Mrs. Sudhoff has an independent contractual right of redemption.