DAVIS, J.,
dissents.
I respectfully dissent. I cannot find that the Smiths properly exercised their right of redemption because they failed to comply with the trial court’s orders.
On June 28, 2000, the Smiths purchased a house from the Haggards and agreed to pay the Haggards the purchase price plus interest and taxes in monthly installments. Because the' Smiths failed to make some of the payments, the Haggards brought a foreclosure action. At some point after the sale of the property, which was never recorded, the Haggards obtained a mortgage on the property through Washington Mutual Bank.
The parties entered into a settlement agreement by which the Smiths either could pay sums owed as of January 23, 2004, or could give written notice of their intent to close a loan and close the loan within thirty days of that notice. The Haggards moved for entry of final judgment due to the Smiths’ failure to comply with the settlement agreement. The Smiths opposed the motion arguing that the Haggards would not cooperate with the Smiths’ lending institution. On June 3, 2004, the court entered an order setting the amount of money due and directing the Smiths to pay the money to the Haggards’ counsel. The court also stated that the Haggards’ counsel could execute an affidavit and a proposed final judgment of foreclosure if the Smiths failed to comply with the order.
In response to motions filed by both parties, the trial court entered another order on October 13, 2004, again stating that the Smiths should pay the Haggards’ attorney and that payment was due no later than October 15, 2004. The Smiths did not tender payment until October 19, 2004, and the Haggards’ attorney refused to accept the check because it was made jointly payable to the Haggards and Washington Mutual Bank. On October 26, 2004, the trial court entered a final judgment of foreclosure stating that the property would be sold on November 29, 2004, unless the Smiths paid the Haggards or their attorneys the total amount owed. On November 10, 2004, the Smiths filed a notice of payment of redemption amount stating that they paid a portion of the sums owed directly to Washington Mutual Bank and the remaining sums to the court registry.
The trial court found that the Smiths failed to properly exercise their right of redemption because the Smiths failed to deliver payment by October 15. The trial court also found that the Smiths’ attempts to exercise their right of redemption by paying the Haggards and the mortgage company jointly and by paying off the mortgage directly were improper. The court noted that this was not a normal real estate closing and that it should not have been treated as such by the Smiths. The trial court confirmed the sale of the property.
I cannot agree with Judge Browning’s position that the Smiths properly exercised *340 their right of redemption in this case because the Smiths failed to comply with the trial court’s orders. The trial court repeatedly set deadlines for the tender of payment and the Smiths repeatedly failed to meet these deadlines. Additionally, the Smiths should have tendered payment directly to the registry of the court or to the mortgagee, which was the Haggards in this case, not to the mortgagee and a third party. Indian River Farms v. YBF Partners, 777 So.2d 1096, 1099 (Fla. 4th DCA 2001); Saidi v. Wasko, 687 So.2d 10, 12 (Fla. 5th DCA 1996). If the Smiths truly wanted to exercise their right, all they had to do was comply with the trial court’s order. Therefore, I would affirm the trial court’s final judgment of foreclosure and confirmation of the sale of the house. I note that there is no majority opinion of precedential value in this case, but merely a judgment of this court to reverse and remand for additional proceedings.